446 So.2d 1151 (1984)
Daniel S. BRICKER, Appellant,
v.
Howard I. KAY, Appellee.
No. 83-2571.
District Court of Appeal of Florida, Third District.
March 13, 1984.
*1152 Harold M. Braxton, Miami, for appellant.
Howard I. Kay, pro se.
Arnold Ginsberg, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
PER CURIAM.
Ten days before expiration of the statute of limitations appellee-defendant, an attorney at law, was retained to institute a lawsuit against "Lum's Restaurant Corp." After expiration of the time within which suit could commence it was learned that the wrong defendant was named. The complaint was dismissed with prejudice. Plaintiff then instituted this action against the attorney alleging legal malpractice. The complaint, as amended, was dismissed for failure to state a cause of action.
The only determination the court undertakes in considering a motion to dismiss for failure to state a cause of action is whether, upon examination of the four corners of the complaint, the allegations are sufficient to sustain a claim for relief. Augustine v. Southern Bell Telephone & Telegraph Co., 91 So.2d 320 (Fla. 1956). Whether plaintiff can prove negligence on the part of defendant is not at issue. We have examined the complaint and find no deficiency.
Reversed and remanded.