452 So.2d 1066 (1984)
Andrew NOTTAGE, Appellant,
v.
AMERICAN EXPRESS COMPANY, Appellee.
No. 84-33.
District Court of Appeal of Florida, Third District.
July 10, 1984.
*1067 Goldfarb & Gold and Robert H. Yaffe, Miami, for appellant.
Smathers & Thompson and James C. Polkinghorn, Miami, for appellee.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
Andrew Nottage commenced this action against Alexander Muss & Sons, Alexander Muss & Sons, Inc.,[1] and American Express Company on a complaint for common law invasion of privacy and unauthorized publication of name or likeness under Section 540.08, Florida Statutes (1983).[2] He appeals an order which dismisses his complaint with prejudice. The order of dismissal recites only that "the Complaint fails to set forth a claim for relief against American Express." We reverse.
Nottage alleged in his complaint, inter alia:
5. That at all times material herein the Plaintiff, ANDREW NOTTAGE, was employed by the Defendants, ALEXANDER MUSS & SONS and/or ALEXANDER MUSS & SONS, INC., as a doorman at the condominium/apartment known as the Seacoast Towers East, located at 5151 Collins Avenue in Miami Beach, Dade County, Florida.
6. That in or about January, 1983, Defendants, ALEXANDER MUSS & SONS and/or ALEXANDER MUSS & SONS, INC., by and through their agents, servants and/or employees, photographed the Plaintiff, in uniform, at the Seacoast Towers East, without advising *1068 Plaintiff, either orally or in writing, of the purpose of said photograph.
7. That a few months following the taking of said photograph, Plaintiff, to his surprise, found large posters advertising "The Four Seacoast Towers" wherein the Plaintiff's portrait was prominently incorporated and displayed as the focal point of the poster... .
8. That subsequently, in or about April and May of 1983, Plaintiff found postcards in which his portrait was prominently incorporated and displayed as the focal point of the postcard. Said postcards were mailed to Switzerland and other countries by the Defendants, ALEXANDER MUSS & SONS, ALEXANDER MUSS & SONS, INC. and AMERICAN EXPRESS COMPANY, for the purpose of advertising "The Four Seacoast Towers." .. .
* * * * * *
11. That in addition to the posters mentioned above, Defendants, ALEXANDER MUSS & SONS and ALEXANDER MUSS & SONS, INC., together with Defendant, AMERICAN EXPRESS COMPANY, mailed advertising postcards to Switzerland and other foreign countries.
12. That Defendants have used and are continuing to use the posters and postcards ... to advertise and solicit business for the commercial and pecuniary benefit of the Defendants.
13. That the unauthorized mailing of the postcards and placement of the posters for the commercial and pecuniary benefit of the Defendants constitutes an invasion of the Plaintiff's right of privacy.
14. That as a direct and proximate result of the Defendants' invasion of Plaintiff's right of privacy, Plaintiff's peace of mind has been disturbed; Plaintiff has been humiliated and embarrassed; Plaintiff's right of privacy has been violated; Plaintiff has suffered mental pain and anguish and will continue to so suffer permanently in the future.
15. That Plaintiff would further show that the damages incurred by him as described herein were directly and proximately caused by the willful, malicious and intentional misconduct of the Defendants and/or their gross negligence, conscious indifference and utter disregard of Plaintiff's reputation, character and feelings. The conduct of the Defendants was prompted solely by pecuniary motives and deprived Plaintiff of the opportunity of free choice as to whether or not to participate in Defendants' commercial endeavor. As a result, Plaintiff should be awarded an amount of punitive damages that would act as a deterrent to the Defendants and others from the commission of like offenses and wrongs.
American Express advances several arguments in support of the dismissal. Its main contention is that the use of plaintiff's likeness in this case does not amount to commercial exploitation. It also contends that plaintiff is unable to show legal damages. Both of these contentions are in the nature of defenses to the action. On its face, the complaint sufficiently alleges both commercial exploitation and legal damage. Further, whether the exception provided in Section 540.08(3)(c) applies to the facts of this case cannot be determined on a motion to dismiss in light of the allegation that plaintiff was photographed in the uniform of the Seacoast Towers, and the picture was displayed prominently in an advertisement promoting both the Seacoast Towers and the American Express Company.
The only determination a court undertakes in considering a motion to dismiss for failure to state a cause of action is whether, upon examination of the four corners of the complaint, the allegations are sufficient to sustain a claim for relief. See Augustine v. Southern Bell Telephone & Telegraph Co., 91 So.2d 320 (Fla. 1956); Bricker v. Kay, 446 So.2d 1151 (Fla. 3d DCA 1984). The existence of commercial exploitation and damages, and the applicability of the exception provided in Section 540.08(3)(c), if placed in issue by answer or *1069 affirmative defense, will become matters for proof.
Reversed and remanded with instructions to reinstate the complaint.
NOTES
[1] Defendants Alexander Muss & Sons and Alexander Muss & Sons, Inc., settled with the plaintiff so they are not parties to this appeal.
[2] Section 540.08, Florida Statutes (1983) provides:

Unauthorized publication of name or likeness. 
(1) No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use given by:
(a) Such person; ...
* * * * * *
(2) In the event the consent required in subsection (1) is not obtained, the person whose name, portrait, photograph, or other likeness is so used, or any person, firm, or corporation authorized by such person in writing to license the commercial use of his name or likeness, or, if the person whose likeness is used is deceased, any person, firm, or corporation having the right to give such consent, as provided hereinabove, may bring an action to enjoin such unauthorized publication, printing, display or other public use, and to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive or exemplary damages.
(3) The provisions of this section shall not apply to:
* * * * * *
(c) Any photograph of a person solely as a member of the public and where such person is not named or otherwise identified in or in connection with the use of such photograph.