**ARTHUR RUTENBERG CORP., a Florida corporation, and Lyons-Raffo Corp., a Florida corporation, Plaintiffs,**

v.

**Raymond P. DAWNEY and Patricia Dawney, his wife, Defendants.**

No. 85–673–Civ–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 31, 1986.

F. Wallace Pope, Jr., David P. Rhodes, Clearwater, Fla., for plaintiff.

MEMORANDUM OPINION

KOVACHEVICH, District Judge.

This action was tried before the Court, upon an Amended Complaint alleging infringement of a copyright of an architectural plan entitled "Gulfstream III 81", allegedly owned by plaintiff Arthur Rutenberg Corp., and licensed to plaintiff Lyons-Raffo Corp.

The record reveals that defendants Raymond P. Dawney and Patricia Dawney ("the Dawneys") visited the plaintiffs' model home center, located in the Sweetwater development Tampa, Florida, on February 21, 1984. During that visit, a salesperson, Donna Cook, provided them with an Arthur Rutenberg Corp. brochure for the "Gulfstream III" home, which includes the floorplan for the "Gulfstream III". The floorplan in the brochure bears a copyright notice comporting with the requirements of 17 U.S.C. § 401(b), including the requisite symbol, date of first publication, and name of the copyright owner.

The Dawneys provided the "Gulfstream III" brochure to Mr. William W. Nowry of Billwall Construction Company and requested that Billwall prepare a set of architectural plans substantially similar to the "Gulfstream III" plans. Billwall informed the Dawneys that it would not copy the Rutenberg plan, because of Rutenberg's claimed copyright, and instead drafted preliminary plans which were somewhat different than the "Gulfstream III" plan.

Despite Billwall's objection, the Dawneys corresponded with Billwall in an attempt to modify certain portions of the preliminary plans in order that they might more closely resemble the "Gulfstream III" plan. Billwall refused to make these requested changes, and the Dawneys ultimately took the preliminary Billwall plans to another draftsman for finalizing. The Dawneys' copying of the "Gulfstream III" plan was therefore willful.

The final architectural plan for the Dawneys' residence is substantially similar to the Rutenberg Corp. "Gulfstream III 81" floorplan. The testimony of Thomas Devine, an architect licensed by the State of Florida, and of Donna Cook, who noticed the strong similarity during the construction of the Dawney home, establish this substantial similarity. Furthermore, a side-by-side comparison of the two plans establishes their substantial similarity.

■ The Dawneys built a home on Pelican Island in Tampa in accordance with their substantially similar final plan, which they sold on February 28, 1986, for $402,500.00. As a result of certain settlement charges and an Internal Revenue Service withholding, the Dawneys received $334,750.17 in cash at the time of sale. The only evidence addressed at trial regarding deductible offsets to this $334,750.17 figure was Mr. Dawney's testimony that the home cost approximately $200,000.00. Defendants are obliged to prove their deductible expenses, 17 U.S.C. § 504(b), or else "the gross figure is left to stand as the profit factor." *Russell v. Price*, 612 F.2d 1123, 1130–1 (9th Cir.1979).

■ Architectural plans are subject to Federal copyright protection. *Imperial Homes Corp. v. Lamont*, 458 F.2d 895 (5th Cir.1972). ("[I]f copyrighted architectural drawings of the originator of such plans are imitated or transcribed in whole or in part, infringement occurs."); *see generally*, Shipley, *Copyright Protection for Architectural Works*, 37 S.C.L.Rev. 393, 396–399 (1986). Plaintiffs' prima facie case of copyright infringement requires proof of two elements: (i) ownership of a valid copyright to the work in question, and (ii) copying by the defendant. *Donald Frederick*

*Evans and Associates, Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 903 (11th Cir. 1986).

 The ownership of a valid copyright for the "Gulfstream III 81" plan has been established by the admission of Arthur Rutenberg Corp's Certificate of Copyright Registration VA 80–406. This Certificate constitutes prima facie evidence of the validity of the copyright, 17 U.S.C. § 410, including the requirements of originality and susceptibility to copyright under 17 U.S.C. § 102(a). *See* 3 *Nimmer on Copyright* § 13.01[A], at 13–4.

 Because it is usually difficult to prove copying directly, the second element of plaintiffs' case may be established by a showing (i) that the defendants had access to the work in question, and (ii) that the defendants' work is substantially similar to the plaintiffs' work. *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821 (11th Cir.1982); *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090 (2d Cir.1977). Both access and substantial similarity have been shown. Plaintiffs have therefore established that the Dawneys copied their validly copyrighted plan, and willfully infringed plaintiffs' copyright. Infringement may be found even though the Dawneys did not actually draw the infringing plans themselves. *See Aitken, Hazen, Hoffman, Miller, P.C. v. Empire Construction Co.*, 542 F.Supp. 252 (D.Neb.1982).

 Plaintiffs, as prevailing parties in this copyright infringement action, are "entitled to recover the actual damages suffered by them as a result of the infringement, and any profits of the infringer that are attributable to the infringement...." 17 U.S.C. § 504(b). The purpose of an award of the defendants' profits is "to prevent the infringer from unfairly benefiting from a wrongful act." H.R.Rep. No. 94–1476, 94th Cong., 2d Sess., 161 (1976), U.S. Code Cong. & Admin.News 1976, pp. 5659, 5777. The defendants' profits, which plaintiffs shall recover, are $134,750.17.

 This Court may award a reasonable attorneys' fee to the prevailing party as a part of its costs. 17 U.S.C. § 505. Based upon the evidence at trial, $10,000.00 appears to be a reasonable attorneys' fee in this copyright infringement action, which plaintiffs shall recover. Plaintiffs have additionally incurred taxable costs in the amount of $1,002.00, which they are entitled to recover from the defendants.

The Clerk shall enter final judgment in accordance with this opinion.