The Honorable Nancy A. Daniels Public Defender Second Judicial Circuit of Florida Leon County Courthouse, Suite 401 301 So. Monroe Street Tallahassee, Florida 32301
Dear Ms. Daniels:
You ask substantially the following question:
Are the provisions of the Florida Volunteer Protection Act, section 768.1355, Florida Statutes, applicable to attorneys providing pro bono legal services to a nonprofit organization?
In sum:
The Florida Volunteer Protection Act would appear to be applicable to attorneys providing pro bono legal services to a nonprofit organization, and thus would provide such attorneys with limited protection from civil liability for any act or omission committed while performing such services which results in personal injury or property damage. Such attorneys, however, are considered to be agents of the nonprofit organization, which may be liable for the acts or omissions of such attorneys.
You note that the adoption of a pro bono services rule by The Supreme Court of Florida has raised the question of how government attorneys without malpractice coverage may best satisfy the Court's pro bono reporting requirements.[1] You, therefore, ask whether the new Florida Volunteer Protection Act would apply to an attorney providing pro bono legal services to a nonprofit organization. The Florida Volunteer Protection Act, section768.1355, Florida Statutes, was created by the 1993 Legislature as a general volunteer immunity statute, providing immunity from civil liability for acts or omissions resulting in personal injury or property damage by persons who perform volunteer services for a nonprofit organization.[2] Section 768.1355(1), Florida Statutes, provides in part:
Any person who volunteers to perform any service for any nonprofit organization, including an officer or director of such organization, without compensation, except reimbursement for actual expenses, shall be considered an agent of such nonprofit organization when acting within the scope of any official duties performed under such volunteer services. Such person shall incur no civil liability for any act or omission by such person which results in personal injury or property damage if: (a) Such person was acting in good faith within the scope of any official duties performed under such volunteer service and such person was acting as an ordinary reasonably prudent person would have acted under the same or similar circumstances; and (b) The injury or damage was not caused by any wanton or willful misconduct on the part of such person in the performance of such duties.
The term "nonprofit organization" is defined to mean "any organization which is exempt from taxation pursuant to26 U.S.C. § 501, or any federal, state, or local governmental entity."[3]
The Legislature has not defined the term "volunteer" for purposes of the act. In the absence of such a statutory definition, the term should be given its plain and ordinary meaning, that is, one who gives services without any express or implied promise of remuneration.[4]
The act does not specify or limit the type of services provided by volunteers under the act other than to require that they be performed without compensation, except for reimbursement for actual expenses. To be covered under the act, however, such services must be performed in good faith and be within the scope of any official duties performed under such volunteer service, with the person acting as an ordinary reasonably prudent person. The act does not protect volunteers' wanton or willful misconduct. While legal services are not specifically mentioned in the act, the language of Florida Volunteer Protection Act would appear to be broad enough to encompass legal services provided to a nonprofit corporation, without compensation. Legal malpractice consists of the failure of an attorney to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise when performing tasks they have undertaken; when such failure proximately causes damage, it gives rise to an action in tort.[5] The act, therefore, would provide some protection for the attorney for civil liability for any act or omission of the attorney which results in personal injury or property damage, provided the conditions specified in the act are met. The act, however, would not necessarily immunize the attorney for any disciplinary action taken by The Supreme Court of Florida pursuant to its constitutional authority to regulate the conduct of attorneys.[6]
In addition, section 768.1355(2), Florida Statutes, provides:
Except as otherwise provided by law, if a volunteer is determined to be not liable pursuant to subsection (1), the nonprofit organization for which the volunteer was performing services when the damages were caused shall be liable for such damages to the same extent as the nonprofit organization would have been liable if the liability limitation pursuant to subsection (1) had not been provided.
Section 768.1355(1), Florida Statutes, states that the volunteer shall be considered an agent of the nonprofit organization when acting within the scope of any official duties performed under such volunteer services. The final staff analysis of bill, which was passed as Ch. 93-139, Laws of Florida, and codified as section768.1355, Florida Statutes, states:
The bill provides that if a volunteer is determined not to be liable, the nonprofit organization for which the volunteer was performing services shall be liable.[7]
Therefore, while the Florida Volunteer Protection Act may provide immunity from civil liability for attorneys who perform legal services for a nonprofit organization for any act or omission resulting in personal injury or property damage, the nonprofit organization may be held liable for such acts of such volunteers.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] The rules providing for pro bono services to the poor set forth aspirational rather than mandatory standards. While failure to meet such standards does not constitute a disciplinary offense, each attorney is required to annually report whether or not the attorney has satisfied the member's professional responsibility to provide pro bono services to the poor. Failure to report this information constitutes a disciplinary offense. See, R. Regulating Fla. Bar 4-6.1(d).
[2] Chapter 93-139, Laws of Florida. See, Final Bill Analysis and Economic Impact Statement, CS/HB 21, Florida House of Representatives Committee on Judiciary, June 22, 1993.
[3] Section 768.1355(1), Fla. Stat. (1993).
[4] See, Op. Att'y Gen. Fla. 93-88 (1993). And see, Black's Law Dictionary 1413 (5th ed. 1979); cf., s. 110.501(1), Fla. Stat. (1993), defining "[v]olunteer" to mean "any person who, of his own free will, provides goods or services to any state department or agency, with no monetary or material compensation."
[5] See, Black's Law Dictionary 864 (5th ed. 1979); 7A C.J.S. Attorney and Client s. 255 (attorney liable in damages to his client for injury sustained by client as proximate cause of the attorney's negligence. See also, Thompson v. Martin,530 So.2d 495 (Fla. 2d DCA 1988) (the three elements of action for legal malpractice are the attorney's employment, his neglect of a reasonable duty, and proximate cause of loss to the client). And see, Black's Law Dictionary 351 (5th ed. 1979), defining "Damage" to mean "[l]oss, injury, or deterioration, caused by the negligence . . . of one person to another, in respect to the latter's person or property."
[6] See, Art. V, s. 15, Fla. Const., which states that "[t]he supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted."
[7] Final Bill Analysis and Economic Impact Statement, CS/HB 21, Florida House of Representatives Committee on Judiciary, June 22, 1993. In assessing direct private sector costs, the staff analysis states that while a private individual may not institute an action against a volunteer for damages because of the immunity provided by the bill, an injured individual may sue the nonprofit organization whose liability would be determined by the doctrine of respondent superior or vicarious liability.