MORRIS, Judge.
Appellants Kostas, Inc., and Kenneth Berdick appeal a final judgment dismissing with prejudice their complaint against Gabe Costilla. We reverse and remand for further proceedings.
The complaint filed by appellants alleges that Gabe Costilla is the owner and landlord of commercial property he leased to Maria Longo through her power of attorney, Constantine Angeles. Longo leased the property for five years for the purpose of opening a restaurant. A corporation, Kostas, Inc., was formed to operate the *317 restaurant. Longo and Angeles borrowed money from Kenneth Berdick to purchase fixtures and equipment for the restaurant; Longo and Angeles personally guaranteed three loans given to them by Berdick. Longo defaulted on the lease and was evicted by Costilla. The restaurant fixtures and equipment remained on the property. Costilla later leased the property to Anthony Pupo to operate Carmine Street N.Y. Pizza and Mussels.
Appellants filed their complaint against Costilla, Longo, Angeles, Pupo, and Carmine Street NY. Pizza and Mussels. The complaint alleged counts for declaratory judgment; injunctive relief; conversion against Costilla, Longo, and Angeles; and civil theft against Longo and Angeles. Costilla filed a motion to dismiss the complaint against him with prejudice, claiming that the complaint failed to state a cause of action. Costilla argued that Kostas, Inc., Angeles, and Longo were lessees on the lease agreement with Costilla, that Costilla has a landlord lien on the fixtures and equipment owned by Kostas, Inc., and that the lien is superior to any claim by Berdick. See § 83.08, Fla. Stat. (2010).
After a nonevidentiary hearing, the trial court granted Costilla’s motion to dismiss.[1] The trial court entered a final judgment dismissing with prejudice the complaint against Costilla.
Appellants filed a motion for reconsideration, arguing that Costilla has a lien only against the lessee of the property, Longo. Appellants claimed that even though Cos-tilla presented a lease that listed Kostas, Inc., there was never an actual lease with Kostas, Inc., as a lessee.
A hearing was held on the motion for reconsideration at which appellants stated that the trial court granted the motion to dismiss after finding that
there was a landlord/tenant relationship between some parties and that Kostas, Inc., was a tenant to the extent that the landlord lien applied to the property of Kostas, Inc., which is a restaurant....
At that time, the question is who was the tenant because if Kostas, Inc., was not a tenant, then the lien doesn’t apply to Kostas, Inc., it only applies to the tenant and, Judge, ... I think that we can show that that was an incorrect holding at that time....
Appellants argued that Costilla’s copy of the lease listed Kostas, Inc., as a lessee but that that particular lease was not the operative version of the lease.[2] Appellants argued that “there is definitely a question of fact as to who the tenant was at the time of the eviction and what lease controls the landlord/tenant lien.” In response, Costilla argued, among other things, that the copy of the lease in his possession indicates that Kostas, Inc., was an actual tenant. Costilla also argued that even if appellants’ version of the lease is operative, Kostas, Inc., was at the least an assignee or a subtenant of the lease by virtue of its status as the business operator of the restaurant. Costilla argued that “the landlord has a lien on the equipment whether the lease is made out to Maria Longo, Constantine Angeles[,] or Kostas.” The trial court stood by its prior ruling and denied the motion for reconsideration.
On appeal, appellants mainly argue that there is an issue of fact regarding which lease is the actual lease and that the trial *318 court erred in going outside of the four corners of the complaint to determine that Kostas, Inc., was a lessee against whom Costilla has a landlord lien. We agree.
This court reviews de novo the final judgment of dismissal for failure to state a cause of action. See Meadows Cmty. Ass'n v. Russell-Tutty, 928 So.2d 1276, 1278 (Fla. 2d DCA 2006). “[I]n ruling on a motion to dismiss a complaint for failure to state a cause of action, [a court is] confined to a consideration of the allegations found within the four corners of the complaint.” Thompson v. Martin, 530 So.2d 495, 496 (Fla. 2d DCA 1988) (citing Bricker v. Kay, 446 So.2d 1151 (Fla. 3d DCA 1984)). “A motion to dismiss is not a substitute for a motion for summary judgment. ...” Id. (citing Dunnell v. Malone & Hyde, Inc., 425 So.2d 646 (Fla. 3d DCA 1983)). “The purpose of a motion to dismiss is to test the legal sufficiency of a complaint, not to determine factual issues.” Sealy v. Perdido Key Oyster Bar & Marina, LLC, 88 So.3d 366, 367-68 (Fla. 1st DCA 2012).
The record as a whole indicates that in granting Costilla’s motion to dismiss, the trial court concluded that Costilla has a landlord lien for the restaurant equipment at issue under section 83.08 because Kostas, Inc., was a lessee of the property. Section 83.08 provides the following:
Every person to whom rent may be due, the person’s heirs, executors, administrators[,] or assigns, shall have a lien for such rent upon the property found upon or off the premises leased or rented, and in the possession of any person, as follows:
(1) Upon agricultural products raised on the land leased or rented for the current year. This lien shall be superior to all other liens, though of older date.
(2) Upon all other property of the lessee or his or her sublessee or assigns, usually kept on the premises. This lien shall be superior to any lien acquired subsequent to the bringing of the property on the premises leased.
(3)Upon all other property of the defendant. This lien shall date from the levy of the distress warrant hereinafter provided.
(Emphasis added.) Section 83.08(2) clearly provides that Costilla has a superior lien against the property of the lessee or his or her sublessees or assignees, usually kept on the premises.
Because the trial court was limited to the four corners of the complaint, we must look to the complaint in determining whether the statutory lien asserted by Costilla applies in this case. The complaint alleged that Longo was the lessee on the lease with Costilla and that Kostas, Inc., was not a lessee on the lease. Therefore, based on those factual allegations alone, Costilla does not have a section 83.08 lien on property owned by Kostas, Inc., that would serve to defeat appellants’ claims against Costilla. The trial court erred in going outside of the complaint to consider the version of the lease offered by Costilla in determining that Kostas, Inc., was a lessee against whom Costilla holds a lien. This issue may later be ripe for a factual determination or summary judgment but was not proper at the motion to dismiss stage.
Costilla contends that regardless of whether Kostas, Inc., is listed on the lease as a lessee, the complaint admitted that Kostas, Inc., through Longo, was operating a restaurant on the property. Costilla claims that based on the facts as alleged in the complaint, Kostas, Inc., was essentially an assign or sublessee of Longo. See § 83.08(2). Costilla’s argument is without merit. “Pursuant to section 689.01, Florida Statutes [ (2010) ], an assignment or *319 sublease for a lease with a terra of more than one year must be in writing and signed by the party to be bound with two subscribing witnesses.” Sorrels v. Rebecca’s Ice Cream, Inc., 696 So.2d 1313, 1315 (Fla. 2d DCA 1997). By operation of the statute of frauds, Kostas, Inc., was not a sublessee or assignee of the lease between Costilla and Longo because there was no written agreement to that effect. Therefore, Costilla does not have a lien against Kostas, Inc., as a sublessee or assignee, and the dismissal of the complaint should not be affirmed on this basis.
Costilla also argues that the claims in the complaint lack merit for several other reasons, but these reasons were not the basis for the trial court’s ruling and consideration of them would be premature at this point. Appellants allege that they should be permitted to amend their complaint to allege fraud against Costilla on the basis that Costilla allegedly created the false lease that he presented in support of his motion to dismiss. Again, this issue is not properly before this court and may be pursued on remand.
Because the trial court erred in ruling at this stage in the proceedings that Costilla has a landlord lien that defeats appellants’ claims against Costilla, we reverse the final judgment of dismissal and remand for further proceedings.
Reversed and remanded.
LaROSE and CRENSHAW, JJ., Concur.

. The record on appeal does not contain a transcript of the hearing on Costilla's motion to dismiss.

. In support of their argument, appellants pointed out that Costilla filed an earlier landlord-tenant action against Longo and that in that action, Costilla did not rely on the lease he was now asserting was the operative lease.