PER CURIAM.
In this suit, Aleli Puig, acting as personal representative of the estate of her husband Fernando Puig, brought an action for his wrongful death. She also joined the action personally as a plaintiff.[1] Prior to the case being submitted to the jury, Aleli, acting in her individual capacity, withdrew from the suit. Following an adverse verdict and judgment entered in the wrongful death action, the trial court entered a cost judgment against Aleli as personal representative of the estate and also against her personally. This was error. Section 768.-20, Florida Statutes (1987) specifically provides that “[t]he action shall be brought by the decedent’s personal representative, who shall recover for the benefit of the decedent’s survivors and estate all damages, as specified in this act, caused by the injury resulting in death.” Aleli’s interests were provided for by that section and section 768.21, Florida Statutes (1987) which enumerates the parties, including a surviving spouse for whom the personal representative is entitled to recover damages. Aleli, acting as personal representative, should have identified herself as a surviving spouse claiming damages; however, she should not have joined as a party to the action. Chapter 768 clearly does not contemplate the surviving spouse being joined as a party. If the surviving spouse personally should not properly have been a party in the action, then it would be an anomaly to permit costs of the action to be taxed against her. See Johnson v. Schneegold, 419 So.2d 684 (Fla. 2d DCA 1982) (no statute authorizes the taxing of costs against unsuccessful beneficiaries of the cause of action). Accordingly, that portion of the cost judgment which was taxed against the surviving spouse personally is reversed.
The appellant’s remaining point was not properly preserved for appellate review.
AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.

. Mrs. Puig did not allege an independent cause of action for emotional distress but rather alleged emotional distress as another element of damage embraced within the wrongful death action. See Champion v. Gray, 478 So.2d 17 (Fla.1985) (cause of action for damages arising from significant, discernible physical injury caused by psychic trauma resulting from negligent injury to another is direct and distinct claim, rather than derivative claim flowing from injuries to other person).