559 So.2d 672 (1990)
Peter MANG, Appellant,
v.
COUNTRY COMFORT INN, INC., Silvio De Piante, and Jorge Perez, Appellees.
No. 89-1895.
District Court of Appeal of Florida, Third District.
April 3, 1990.
Magill & Lewis, P.A., R. Fred Lewis, and Stabinski & Funt, for appellant.
Goodman, Hochman & Buckner and James C. Blecke, for appellees.
Before NESBITT, FERGUSON and JORGENSON, JJ.
JORGENSON, Judge.
Peter Mang appeals an order dismissing two counts of a four-count amended complaint for failure to state a cause of action under the Florida Adult Congregate Living Facilities Act, section 400.401 et seq., Florida Statutes (1987). For the following reasons, *673 we reverse in part and dismiss the balance of the appeal.
On May 26, 1987, Peter Mang injured himself after falling in urine pooled on the floor of a bathroom at the Country Comfort Inn, an adult congregate living facility. Mang was unable to rise from the floor and remained lying in the urine for a substantial length of time. He did not receive medical attention for over twenty-four hours after the incident occurred.[1]
Mang sued Country Comfort Inn, Inc., Silvio De Piante, the president of Country Comfort, and Jorge Perez, the vice president and administrator of the facility. Counts I and II of Mang's amended complaint were directed to Country Comfort. Count I alleged common law negligence, and Count II alleged statutory violations of the Florida Adult Congregate Living Facilities Act.[2] Count IV of the amended complaint alleged that Jorge Perez, as administrator, violated Mang's statutory rights under the Florida Adult Congregate Living Facilities Act. The trial court dismissed the statutory claims against Country Comfort and Perez for failure to state a cause of action. Mang's negligence claim against Country Comfort remains pending in the trial court.
Initially, we must determine whether we have jurisdiction to entertain this appeal. As to Jorge Perez, the trial court's order completely dismissed him from the case. The judicial labor in the suit against Perez has ended, and, consequently, we have jurisdiction to review the dismissal as a final appealable order. Fla.R.App.P. 9.030(b)(1)(A); see Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315 (Fla. 3d DCA 1987); Braddon v. Doran Jason Co., 453 So.2d 66 (Fla. 3d DCA 1983); Let's Help Florida v. DHS Films, Inc., 392 So.2d 915 (Fla. 3d DCA 1980).
As to Country Comfort, however, the trial court's order did not completely dismiss it from the case. Count I alleging common law negligence is still pending. Accordingly, the order appealed from is not final as to Country Comfort and we do not have jurisdiction to consider the dismissal of the statutory claim against it.[3]See Clermont Builders Supply, Inc. v. General Const. & Design, Inc., 423 So.2d 518 (Fla. 5th DCA 1982); Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981).
We reverse the order dismissing the claim against Perez. Mang's complaint contained sufficient allegations of ultimate fact to state a cause of action under the Florida Adult Congregate Living Facilities Act, section 400.401 et seq., Florida Statutes (1987).
Chapter 400, Florida Statutes, clearly evinces a legislative plan to protect the interests of the citizens of this state who use facilities ranging from nursing homes to adult day-care centers. Residents of adult congregate living facilities are covered by Part II of the Act entitled "Adult Congregate Living Facilities." Section 400.401(2) provides that such facilities are regulated "... to provide for the health, safety and welfare of residents of adult congregate living facilities... ." The Act makes it clear that the Florida legislature deemed it necessary to make certain designated individuals responsible for the day-to-day operations of facilities caring for the elderly and the infirm. The public policy as expressed by the legislature in this act is that these individuals shall be responsible for their actions and not become faceless entities.
To underscore the purpose of the Act, the legislature provided residents of adult congregate living facilities with a bill of *674 rights. Section 400.428 provides, in part, that
Every resident of a facility shall have a right to:
(a) Live in a safe and decent living environment, free from abuse and neglect.
(b) Be treated with consideration and respect and with due recognition of personal dignity, individuality, and the need for privacy.
* * * * * *
(j) Access to adequate and appropriate health care consistent with established and recognized standards within the community.
Pursuant to the legislative purpose to provide safe and sanitary facilities, the Act requires promulgation, publication, and enforcement of rules relating to:
(a) The maintenance of ... plumbing, heating, lighting, ventilation, and other housing conditions, which will ensure the health, safety, and comfort of residents and protection from fire hazard, including adequate provisions for fire alarm... .
(b) The number and qualifications of all persons having responsibility for the care of residents.
(c) All sanitary conditions and qualifications within the facility ... including water supply, sewage disposal, food handling, and general hygiene, and maintenance thereof, which will ensure the health and comfort of residents.[4]
§ 400.441(1), Fla. Stat. (1987).
Prior to admission into adult congregate living facilities, prospective residents must undergo certain physical and mental examinations. § 400.426, Fla. Stat. (1987). Pursuant to section 400.426(1), "[t]he owner or administrator of a facility is responsible for determining the appropriateness of admission of an individual to the facility and for determining the continued appropriateness of residence of an individual in the facility." § 400.426(1), Fla. Stat. (1987). Rule 10A-5.0181 of the Florida Administrative Code addresses the standards for admitting individuals into particular adult congregate living facilities. One factor to consider when admitting a potential resident is whether the individual is "incontinent of bladder and bowel...." Ch. 10A-5.0181(3)(6), Adult Congregate Living Facilities, Fla. Admin. Code (1986).
To enforce the rights enunciated in section 400.428 and the accompanying statutory rules, the legislature gave residents a civil cause of action for both compensatory and punitive damages "when malicious, wanton, or willful disregard of the rights of others can be shown." § 400.429, Fla. Stat. (1987). Pursuant to section 400.429, a resident may maintain a cause of action against the facility owner, administrator, or staff responsible for the violation.[5]
Count IV of Mang's amended complaint alleged among other things that Jorge Perez, as vice president and administrator of Country Comfort, had the duty, pursuant to sections 400.401 to 400.454, Florida Statutes, to: (1) oversee the admission of residents into Country Comfort; (2) maintain the premises of Country Comfort in a safe condition for the residents; (3) remedy any dangerous conditions at Country Comfort; (4) supervise the daily activities of the staff and residents at Country Comfort; (5) ensure that the residents were not deprived of their rights under section 400.428, Florida Statutes (1987); and (6) provide the residents access to adequate medical care and treatment. The complaint further alleged that Jorge Perez breached his duty of care to Peter Mang by *675 creating and/or allowing to exist the following negligent acts or omissions: (1) admitting the plaintiff into the facility when defendant knew or should have known that plaintiff did not qualify for admission; (2) allowing a dangerous condition (accumulated urine) to be created and to continue on the bathroom floor adjacent to plaintiff's bedroom at defendant's premises; (3) failing to warn the plaintiff of the dangerous condition; (4) allowing Mang to lie in the urine for a lengthy period of time after his fall; and (5) failing to provide Mang with proper medical attention after his fall for at least twenty-four hours. Mang alleged that Perez's acts and omissions were done maliciously, wantonly, and with willful disregard of the plaintiff's rights. Finally, the amended complaint alleged that, as a direct and proximate result of Perez's statutory violations, Mang was deprived of his rights and was physically injured.
"[T]o invoke a statutory right the pleader must either allege ultimate facts to activate the statute or show how the statute applies." Life Laboratories, Inc. v. Valdes, 387 So.2d 1009, 1010 (Fla. 3d DCA 1980). Mang's amended complaint not only tracked the qualifying language of the statute, but also alleged sufficient ultimate facts to "activate the statute." In view of the duties owed by Perez as administrator and the specific allegations of neglect, substandard living conditions, and failure to screen potential residents properly, it is clear that no further allegations are necessary to state a cause of action under the Adult Congregate Living Facilities Act.[6]See Nottage v. American Express Co., 452 So.2d 1066 (Fla. 3d DCA 1984); Bricker v. Kay, 446 So.2d 1151 (Fla. 3d DCA 1984).
Accordingly, we reverse the trial court's order dismissing Count IV of the amended complaint against Jorge Perez and remand for further proceedings. We dismiss this appeal as it relates to the statutory claim against Country Comfort.
Reversed as to appellee Perez; appeal dismissed as to Country Comfort; remanded for further proceedings.
NOTES
[1] On a motion to dismiss, all well-pled claims are taken as true. Connolly v. Sebeco, 89 So.2d 482 (Fla. 1956).
[2] Count III of the amended complaint was directed to Silvio De Piante. Mr. De Piante, however, was not served with process and is not a party to this appeal.
[3] In light of our decision today as to Perez, the trial court may wish to revisit its interlocutory order dismissing the statutory cause of action against Country Comfort.
[4] The Department of Health and Rehabilitative Services, Aging and Adult Services Division, promulgated Rule 10A-5, Florida Administrative Code, in compliance with section 400.401 et seq., Florida Statutes. Rule 10A-5.022(1)(i), entitled "Facility Maintenance and Housekeeping Standards," provides that every facility shall keep all floors clean and slip resistant and promptly clean and disinfect floors and other surfaces soiled by body fluids, including feces, urine, blood, menstrum and semen. Ch. 10A-5.022(1)(i), Adult Congregate Living Facilities, Fla. Admin. Code (1986).
[5] An administrator "... is responsible for all personnel and services within the facility... ." Rule 10A-5.019(1), Adult Congregate Living Facilities, Fla. Admin. Code (1986) (emphasis supplied).
[6] Contrary to appellee's assertion, there is utterly no basis on this record to strike Mang's pleadings as sham, and the trial court made no findings in this regard. See Jaruagua Enters., Inc. v. Dom, Inc., 339 So.2d 702 (Fla. 3d DCA 1976) (in order to justify striking of pleading as sham, pleading must be inherently false or mere pretense set up in bad faith without color of fact); Ader v. Temple Ner Tamid, 339 So.2d 268 (Fla. 3d DCA 1976) (same).