605 So.2d 104 (1992)
Randy L. MORGAN and Robert L. Morgan, as Co-Personal Representatives of the Estate of Kirk E. Morgan, deceased, Appellants,
v.
AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, a Florida corporation, et al., Appellees.
No. 92-885.
District Court of Appeal of Florida, Third District.
August 11, 1992.
Heinrich, Gordon, Batchelder, Hargrove, Weihe & Gent, and Lillian W. Conrad, Fort Lauderdale, for appellants.
Nicklaus, Valle, Craig & Wicks, Miami, Haddad, Josephs, Jack & Gaebe, Coral Gables, Kenney, Burd, Knutson & Markowitz, and Joseph W. Downs, III, Miami, Knecht & Knecht, Spencer Emison, Coral Gables, for appellees.
Before NESBITT, JORGENSON and GODERICH, JJ.

ON MOTION TO DISMISS APPEAL
NESBITT, Judge.
The personal representatives appeal an order entered by the trial court striking the father's claim as an individual survivor. The motion was prompted by the trial court's determination that since the decedent is survived by a wife, the decedent's father has no individual damage claims as a survivor. The appellees moved to dismiss the appeal on the basis that it does not constitute a reviewable final order pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).
At the outset, we recognize that under substantive law the decedent's survivors are the real parties in interest. Nonetheless, the Legislature has mandated that a decedent's personal representative is the party "who shall recover for the benefit of the decedent's survivors and estate all damages...." § 768.20, Fla. Stat. (1991). The personal representatives correctly contend that prior to the adoption of section 768.20, Florida Statutes (1991), each survivor would have had a totally independent claim for damages resulting from the decedent's wrongful death and that such a claim, if dismissed, would have supported a plenary appeal. Thus, argue the personal representatives, since the trial court has determined that the decedent's father is not entitled to any damages due to the wrongful death of his son, the father should not be precluded from bringing the appeal at this time merely because the Legislature has consolidated the estate and survivor actions for damages through the medium of a personal representative.
The appellees contend that the dismissal of a survivor's claim is not any different *105 from the dismissal of any other claim brought by a party and that unless it constitutes a separate and severable controversy, it will not support a plenary appeal. We agree with the appellees. In Puig v. Saga Corp. 543 So.2d 238 (Fla. 3d DCA 1989), we held that the surviving spouse of a decedent was not properly a party to a wrongful death action and consequently no costs could be taxed against her personally. We would defeat the legislative purpose in the adoption of section 768.20, by permitting this appeal to be determined in the present posture of this case. Moreover, we would be in violation of the policy established in Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla. 1974). There, the supreme court announced a policy which has been followed consistently:
We adhere to the rule that piecemeal appeals should not be permitted where claims are legally interrelated and in substance involve the same transaction. However, when it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims, it should be appealable if dismissed with finality at trial level and not delayed of appeal because of the pendency of other claims between the parties.
Id. at 5.
In the present case, it is clear that the decedent's father's claim as survivor is dependent upon and interrelated with the other survivors' actions pending in the trial court insofar as it relates to liability. The father's survival action, although dismissed, is separate only as it relates to his own particular damages. Consequently, the order dismissing the father's claim as a survivor remains interlocutory in character and will be reviewable only upon entry of final judgment in the presently pending wrongful death action. Mendez.
For the foregoing reasons, the motion to dismiss the appeal is granted without prejudice.