JORGENSON, Judge.
Roberto Garcia, as next friend of his mother Victoria Garcia, appeals from an order dismissing her complaint for lack of standing. For the following reasons, we reverse.
Victoria Garcia is an elderly resident of Brookwood Extended Care Center of Homestead, a nursing home facility licensed by Florida pursuant to Chapter 400, Florida Statutes. She is alleged to be incapacitated by virtue of her health, and somewhat mentally impaired. She has not been judicially declared incompetent. In July, 1990, she fell at Brookwood and sustained serious injury. Her son, Roberto Garcia, acting as her next friend, sued Brookwood on her behalf for negligence and for violation of section 400.022, Florida Statutes (1993), known as the Nursing Home Residents’ Bill of Rights. Four months after filing its answer, Brook-wood moved to dismiss the complaint, arguing that Roberto Garcia lacked standing to bring suit because he had not been appointed guardian for his mother, and because his mother had never been judicially declared incompetent.[1] The trial court dismissed the action; we reverse.
The trial court erred in dismissing the complaint. Florida Rule of Civil Procedure 1.210 provides that “a party expressly authorized by statute may sue in that person’s own name without joining the party for whose benefit the action is brought.” Section 400.023, Florida Statutes, provides that:
Any resident whose rights as specified in this part are deprived or infringed upon shall have a cause of action against any licensee responsible for the violation. The action may be brought by the resident or his guardian, [or] by a person or organization acting on behalf of a resident with the consent of the resident....
(Emphasis added.) This section authorizes a person acting on behalf of a nursing home resident to sue to enforce the rights granted in Chapter 400. Construed with Fla.R.Civ.P. 1.210, section 400.023 authorizes Roberto Garcia to sue Brookwood on behalf of the real party in interest — his mother — in his mother’s name.[2]
The Florida real party in interest rule, Fla.R.Civ.P. 1.210(a), permits an action to be prosecuted in the name of someone other than, but acting for, the real party in interest. Thus, where a plaintiff is either the real party in interest or is maintaining the action on behalf of the real party in interest, its action cannot be terminated on the ground that it lacks standing.
Kumar Corp. v. Nopal Lines, Ltd., 462 So.2d 1178, 1183 (Fla. 3d DCA) (citations omitted), rev. denied, 476 So.2d 675 (Fla.1985).
*717 To allow dismissal of this action would contravene the very purpose of Chapter 400, “which evinces a legislative plan to protect the interests of the citizens of this state who use facilities ranging from nursing homes to adult day-care centers.” Mang v. Country Comfort Inn, Inc., 559 So.2d 672, 673 (Fla. 3d DCA 1990).[3]
Reversed and remanded for further proceedings.

. We do not address whether Brookwood timely raised the defense of lack of standing; instead, we decide the standing issue on the merits.

. There is no dispute that Victoria Garcia is the real party in interest.

. In its brief, Brookwood disingenuously argues that dismissal of the complaint, apparently after the statute of limitations had run on Victoria's action for malpractice, serves to protect the rights of elderly and vulnerable individuals who "cannot protect themselves from a third party's control of the real party in interest's lawsuit.”