654 So.2d 237 (1995)
Frank BIASETTI and Josephine Biasetti, Appellants,
v.
PALM BEACH BLOOD BANK, INC., Appellee.
No. 94-0590.
District Court of Appeal of Florida, Fourth District.
April 26, 1995.
Jacqueline Porth of Thomas D. Lardin, P.A., Fort Lauderdale, for appellants.
Heather McNamara Ruda of Gibson & Adams, P.A., West Palm Beach, for appellee.
Pamela K. Frazier and Thomas J. Guilday of Huey, Guilday & Tucker, P.A., Tallahassee, for amicus curiae-Florida Ass'n of Blood Banks.
PARIENTE, Judge.
Appellant, Josephine Biasetti, appeals an order dismissing with prejudice her claim of negligence against appellee, the Palm Beach Blood Bank. Because appellant's negligence claim arises from the same transaction as the remaining pending claims and because appellant still remains a plaintiff in the case on her loss of consortium claim, we find that the order of dismissal is a nonfinal, nonappealable order and accordingly dismiss the appeal.
Frank Biasetti and appellant, Josephine Biasetti, as husband and wife, filed a lawsuit against appellee alleging that while hospitalized for medical problems, Frank Biasetti received blood transfusions with blood products contaminated with HIV. Several years later, Frank Biasetti was diagnosed as being HIV positive and now has full-blown AIDS. Frank Biasetti sued in negligence and for breaches of implied warranties. Appellant's *238 claims included a derivative claim for loss of consortium and a separate negligence count against appellee arising from her exposure to HIV for several years as a result of engaging in unprotected sexual relations with Frank Biasetti between the years of the transfusions and his HIV-positive diagnosis. Because of this exposure, although appellant has not been diagnosed as having AIDS, she alleged that she now has "reasonable fears that she will acquire AIDS."
Appellant's negligence count was dismissed for failure to state a cause of action. In the motion to dismiss, appellee asserted it owed no separate legal duty to appellant because she had not been supplied with blood products and further that appellant's claim of fear of contracting HIV does not constitute an actionable damage. In light of our dismissal, we do not, at this juncture, reach the issue of whether appellant is a foreseeable plaintiff to whom appellee would also owe a duty or whether appellant's fear of acquiring AIDS would constitute compensable damages.
An appeal from an order dismissing a count of a complaint, where other counts against the same parties remain, is authorized only when the dismissed count arises from a separate and distinct transaction independent of the other pending, pleaded claims. Mendez v. West Flagler Family Ass'n, Inc., 303 So.2d 1, 5 (Fla. 1974); Pellegrino v. Horwitz, 642 So.2d 124, 126 (Fla. 4th DCA 1994). In Mendez, the supreme court enunciated a policy against allowing piecemeal appeals "where claims are legally interrelated and in substance involve the same transaction." 303 So.2d at 5. Only "when it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims" should the appeal be permitted. Id.
An analysis of "interdependence" requires the court to look primarily to the facts upon which the claims are based. If the claims arise out of the same incident, the order dismissing some, but not all, of the counts will not constitute a final appeal, even if the counts involve separate and severable legal theories. See Pellegrino; Stein v. Hospital Corp. of America, 481 So.2d 1264 (Fla. 4th DCA 1986); Mang v. Country Comfort Inn, Inc., 559 So.2d 672 (Fla. 3d DCA 1990); Venezia A., Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976).
Mendez does not establish a bright line test, but "instead the analysis in each case hinges on whether there is factual and legal overlap between claims." Northcutt v. Pathway Financial, 555 So.2d 368, 369 (Fla. 3d DCA 1989), review denied, 563 So.2d 633 (Fla. 1990). In Morgan v. American Bankers Life Assur. Co. of Florida, 605 So.2d 104, 105 (Fla. 3d DCA 1992), the third district dismissed the appeal of an order striking the father's claim as an individual survivor in a wrongful death action even though he had no other remaining claim for damages. The court held that the order was interlocutory in character because, although the father's damages were separate, his claim was "dependent upon and interrelated with the other survivors' actions pending in the trial court insofar as it relates to liability." Id. In this case, appellant's negligence claim is dependent upon and interrelated to her husband's main negligence claim insofar as it relates to liability, even though, unlike in Morgan, appellant could have filed a separate lawsuit.
The same essential transaction  the receipt of tainted blood products from appellee leading to Frank Biasetti's HIV-positive status  is involved in all the counts. Additionally, appellant's claim for negligence, as well as her remaining claim for loss of consortium, are both derivative in the sense that each claim is based on proving that appellee negligently supplied tainted blood products to Frank Biasetti which caused him to become HIV positive. Whether additional evidence would also be necessary pertaining to appellant's negligence claim does not alter the interdependence of the counts. Lastly, appellant remains in the suit as a party on her loss of consortium claim. All of these factors lead us to conclude that the policy and principles of Mendez require us to dismiss this appeal without prejudice to appellant seeking appellate review upon conclusion of the entire case.
WARNER and STEVENSON, JJ., concur.