697 So.2d 224 (1997)
GANNON CONSTRUCTION & DESIGN COMPANY, Appellant,
v.
Jack McKEON, Appellee.
No. 96-1516.
District Court of Appeal of Florida, Third District.
July 30, 1997.
*225 Holland & Knight and Daniel S. Pearson, Lucinda A. Hofmann and Christopher Bellows, Miami, for appellant.
Don Russo; Russo & Talisman, Coconut Grove, and Laura P. Denault, Miami, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
FLETCHER, Judge.
Gannon Construction and Design Company [Gannon Construction] appeals a final judgment awarding Jack McKeon monetary damages based on the trial court's construction of a contract between the parties. We reverse and remand for further proceedings.
When Hurricane Andrew struck in August, 1992, it severely damaged a number of apartment complexes in Dade County owned or co-owned by Gannon Companies, based in St. Louis, Missouri. Gannon Companies immediately sent employees to Florida and formed a Florida office of Gannon Construction, staffing it with employees and contractors who started repairing Gannon Companies' properties. As to the properties jointly owned, it was agreed by the co-owners that Gannon Construction would do the reconstruction and accept as full payment whatever the insurance proceeds turned out to be. Although this arrangement with the co-owners was made and operations began pursuant to it a few days after Labor Day, September 1, 1992, it was not reduced to writing until January, 1993.
Gannon Construction quickly assembled a staff of estimators to make the initial repair estimates. Having put together its staff, Gannon Construction saw an opportunity and set out to obtain jobs repairing other properties than those owned or co-owned by it. Among the staff estimators was the appellee Jack McKeon, who was hired on September 23, 1992, although his employment agreement was not reduced to writing until December 1992. Pursuant to this agreement, McKeon was to be paid a bi-weekly fee of a fixed amount as well as additional fees based on percentages of estimates, including:
"A fee of 1% of the final adjusted estimated cost of any job that the Consultant [McKeon] or Company [Gannon Construction] brings to contract on a project estimated by the Consultant [McKeon], payable when Company receives the first payment."
(Emphasis supplied).
Between December, 1992 and mid-April, 1993, McKeon estimated the scope and cost of reconstruction work both for Gannon Companies' properties and for properties owned by others. In April, 1993, there arose a dispute over the language of McKeon's contract with Gannon Construction: McKeon requested that he be paid not only the percentage fee for his estimating work on properties not owned by Gannon Companies, but also for properties owned by Gannon Companies. McKeon's position was that as Gannon Companies' properties were brought to contract with Gannon Construction (by the written contract signed in January, 1993), and as the reconstruction cost was estimated by McKeon, he was entitled to a fee therefor. Gannon Construction disagreed, chiefly on the basis that the Gannon Companies' jobs were brought to contract (oral) in September, 1992, prior to McKeon's being hired.
The disagreement was carried into the legal arena where the trial court was faced with determining the intended meaning of the fee agreement, particularly in relation to the use of the words "brings to contract." After concluding that there was no ambiguity, the trial court determined that the Gannon Companies' properties had been brought to contract when the written document was signed in January, 1993, after McKeon was hired. It further concluded that, as McKeon had performed estimating work on the Gannon Companies' properties, he was entitled to his requested fee. The trial court entered final judgment for McKeon.
We conclude that the words, "brings to contract," especially in the context of McKeon's fee agreement, are susceptible to different constructions: one could conclude therefrom that a job would be brought to contract when an oral agreement was reached; or when the parties performed work pursuant to an oral agreement; or when the parties memorialized an oral agreement *226 on a completed job with a written document; or when a written contract was entered into prior to any work being done on the job. No clear answer comes from the document itself.
As the agreement between McKeon and Gannon Construction is ambiguous, it needs to be clarified by the trial court's receiving and considering extrinsic evidence to explain the ambiguity. Friedman v. Virginia Metal Prods. Corp., 56 So.2d 515 (Fla.1952). Accordingly, the final judgment is reversed and the cause remanded for proceedings consistent herewith.
Reversed and remanded.