FLETCHER, Judge.
Loyola Development Limited Company [Loyola] seeks review of orders compelling arbitration in an action against a general *1337 contractor, M.J. Anderson Construction Corporation [Anderson], We reverse the orders and remand the cause with instructions to the trial court.
Loyola and Anderson entered into a letter agreement for Anderson to act as a general contractor for the construction in Key Biscayne of a luxury development known as Grand Bay Resort. The letter agreement called for the parties to enter into a standard form owner/eontractor agreement which would be subject to the conditions of the letter agreement providing for any inconsistency, conflict, or discrepancy among the contract documents to be controlled by the letter agreement. Two owner/contractor agreements were entered into, both of which contained a paragraph requiring that all claims and disputes relating to them be decided by arbitration. On the other hand, there was no mention of arbitration in the letter agreement. Supplemental conditions attached to each owner/contractor agreement provided that if either party “is forced to submit a dispute to a court of law, or is forced to seek the assistance of a court of law to enforce its rights hereunder, then the prevailing party in such litigation” may recover costs and attorney’s fees. Venue for any such litigation was established in Dade County. A second supplemental condition provided for the supplemental conditions (and not the letter agreement) to govern any conflicts with the terms and conditions of the other contract documents.
After several months on the job, Loyola and Anderson ran into difficulties over alleged overruns and other financial matters. In an effort to resolve the difficulties, a new letter agreement was entered into, the meaning of which has been disputed. Loyola claims it is a severance agreement that terminated Anderson’s services while Anderson claims that .the new letter agreement was intended solely to bring payments up to date. Anderson refused to vacate the construction site and Loyola responded by filing suit for breach of oral agreement, declaratory relief, trespass, fraudulent lien, accounting, misappropriation of funds, and fraud. Anderson countered with motions to compel arbitration and to stay the proceedings. The trial court granted both motions and this appeal resulted.
Loyola' contends that the original letter agreement and the owner/contraetor agreements, with the supplements, contain conflicting provisions as to the settlement of disputes (whether by litigation or arbitration) and that the provisions relating to litigation govern over those relating to arbitration, thus there is no right to arbitration and the trial court’s orders are in error. Anderson contends, in support of the trial court’s orders, that these documents when read together unambiguously call for arbitration of all the issues.
Our review of the contract documents leads us to the conclusion that the cobbled-together documents are hopelessly ambiguous. It would appear that some issues are intended to be subject to arbitration, although not all issues. Which issues were intended to be arbitrated needs to be sorted out. However, in order to arrive at the intention of the parties, an appropriate evi-dentiary hearing on that issue is required as was ordered in Gannon Construction & Design Co. v. McKeon, 697 So.2d 224 (Fla. 3d DCA 1997). Accordingly the orders under review are reversed and the cause remanded for further proceedings.