STEVENSON, J.
Appellant, R/S Associates, appeals an order granting summary judgment on Count I of a multi-count complaint. We dismiss the appeal and hold that the judgment is not appealable because Count I is interrelated with the remaining counts so as to preclude appellate review at this time.
On August 26, 1996, R/S Associates and Appellee, BellSouth Mobility, Inc., hereinafter referred to as BellSouth, entered into an Option and Lease Agreement (Agree *1083 ment). Pursuant to the Agreement, Bell-South leased 3,500 square feet of land from R/S Associates for the purpose of constructing, maintaining, and operating a communications facility on the property. On October 9, 1998, BellSouth entered into a Site Sublease Agreement with Nextel. The sublease called for Nextel to pay Bell-South for the right to occupy space on the tower built by BellSouth and to construct a telecommunications shelter and antennas on top of BellSouth’s tower.
R/S Associates filed suit against Bell-South on July 1, 1999. Count I of the complaint alleged that BellSouth breached its contract with R/S Associates by entering into the sublease with Nextel. Count II alleged trespass by Nextel. Count III alleged that BellSouth tortiously interfered in R/S Associates’ business relationship with Nextel by entering into the sublease with Nextel, thereby diverting from R/S Associates potential lease moneys from Nextel. Count IV alleged that BellSouth fraudulently induced R/S Associates into their Agreement through misrepresentations and nondisclosures of material facts. Count V alleged fraud against BellSouth and Nextel for not informing R/S Associates of their intentions regarding the installation of a telecommunications facility on R/S Associates’ property. Count VI alleged that BellSouth and Nextel induced R/S Associates to enter into the Agreement with BellSouth as the result of negligent misrepresentations, nondisclosures, and concealments. Count VII alleged common law unconscionability of contract against BellSouth for drafting the Agreement which used “certain undefined technical and unfamiliar terms.”
On January 13, 2000, BellSouth filed a motion for summary judgment. The trial judge granted BellSouth’s motion as to Count I, finding that because paragraph eighteen of the Agreement provided that “Tenant may permit other parties to co-locate on the property, with no obligation to Lessor,” BellSouth did not breach the Agreement when it entered into the sublease with Nextel.
An appeal from an order dismissing one count of a complaint, where other counts against the same parties are pending, is authorized only when the dismissed count arises from a separate and distinct transaction independent of the other remaining claims. See Mendez v. W. Flagler Family Ass’n, 303 So.2d 1, 5 (Fla.1974); Pellegrino ex rel. Pellegrino v. Horwitz, 642 So.2d 124, 126 (Fla. 4th DCA 1994). The supreme court pronounced that only “when it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims” should the appeal be allowed. Mendez, 303 So.2d at 5.
An analysis of what constitutes “separate and distinct” requires the court to look primarily to the facts upon which the claims are based. If the claims arise out of the same incident, the order dismissing some, but not all, of the counts will not constitute a final appealable order. See Altair Maint. Servs., Inc. v. GBS Excavating, Inc., 655 So.2d 1281, 1282 (Fla. 4th DCA 1995); Biasetti v. Palm Beach Blood Bank, Inc., 654 So.2d 237, 238 (Fla. 4th DCA 1995); Mang v. Country Comfort Inn, Inc., 559 So.2d 672 (Fla. 3d DCA 1990); Venezia A., Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 465 (Fla.1976).
Here, every count of the complaint stems from the obligations arising under the Agreement entered into by BellSouth and R/S Associates. Thus, Count I, a breach of contract claim involving the right of BellSouth to allow Nextel to place a communications antenna onto the premises which BellSouth leased from R/S Associates, arises out of the same transaction as the other pending claims. The resolution of this contract issue will certainly impact, and be interdependent with, at least some of the remaining claims. Accordingly, this appeal is dismissed without prejudice and *1084 precluded from appellate review until final disposition of the pending claims.
APPEAL DISMISSED.
GROSS, J., and LABARGA, JORGE, Associate J., concur.