MAY, J.
A foster parent appeals a trial court order that dismissed two of seven counts against the Department of Children and Families (DCF) and Secretary Regier. While not raised by the DCF or the Secretary, we have reviewed the order on appeal to determine whether it is a final appealable order. We find that it is not and therefore dismiss the appeal without prejudice.
The trial court’s order stated that “[t]o the extent that any of the claims set forth by the plaintiffs are not precluded by sovereign immunity, this order is without prejudice.” Sovereign immunity applied to only two claims against the DCF and Secretary Regier that alleged violations of the Americans with Disabilities Act and the Rehabilitation Act. Thus, five counts are capable of being amended. The plaintiffs actually filed a motion for leave to amend, which is currently pending in the trial court. The plaintiffs suggest that the trial court’s denial of their motion for rehearing acted to “finalize” the order as to the remaining five counts. We disagree.
*444 “An appeal from an order dismissing a count of a complaint, where other counts against the same parties remain, is authorized only when the dismissed count arises from a separate and distinct transaction independent of the other pending, pleaded claims.” Biasetti v. Palm Beach Blood Bank, 654 So.2d 237, 238 (Fla. 4th DCA 1995) (citing Mendez v. West Flagler Family Ass% Inc., 303 So.2d 1, 5 (Fla.1974)). In this case, the foster parent seeks to compel the DCF to provide certain bathing facilities for a foster child, and to prevent DCF from retaliating against the foster parents by removing the foster child from the home. There can be no doubt that the counts in this complaint arise out of the same incident even though they involve “separate and severable legal theories.” Id.
We therefore dismiss the appeal without prejudice to seek review of all issues upon entry of a final order as to all counts.
KLEIN, J., and HOROWITZ, ALFRED J., Associate Judge, concur.