934 So.2d 560 (2006)
Robert A. CICCO, Jr., Appellant,
v.
LUCKETT TOBACCOS, INC., a Kentucky corporation, Appellee.
No. 3D06-336.
District Court of Appeal of Florida, Third District.
June 21, 2006.
Murray B. Silverstein, St. Petersburg, for appellant.
Dunwody White Landon and Jack A. Falk, Jr., Naples; Podhurst Orseck and Robert Josefsberg, Miami, for appellee.
Before COPE, C.J., and GERSTEN and SHEPHERD, JJ.

On Motion to Dismiss Appeal
SHEPHERD, J.
The plaintiff below, Robert A. Cicco, Jr., appeals an order dismissing with prejudice *561 his amended complaint for breach of oral contract of employment, promissory estoppel, and quantum meruit against Luckett Tobaccos, Incorporated. The motion is prompted by the fact that an undisposed counterclaim pends below. Both the dismissed and pending claims arose during a twenty-two-month period when Cicco served both as Chief Executive Officer of Luckett and on the company's board. While the claims are all begotten of the employment relationship, we find the claims made by the complaint are legally and factually separate and distinct from those made by the counterclaim. Accordingly, we deny the motion to dismiss the appeal.
The amended complaint alleges that during March 2003, Cicco and Luckett entered into an oral contract for Cicco to become employed by Luckett as Chief Executive Officer, and if within one year Cicco improved Luckett's financial performance and restored profitability, Cicco would be given a five-year, written employment contract on the same terms as those in his first-year contract. Cicco further alleges he fully performed, but Luckett breached its oral agreement to provide the written five-year agreement. The amended complaint seeks an award of damages in an amount equal to the salary and benefits Cicco would have earned subsequent to his termination under the agreement he claims to have made.
Luckett's counterclaim, on the other hand, seeks to litigate other controversies that arose during the course of the employment relationship. Count I of the counterclaim seeks recovery of a sum allegedly loaned to Cicco to assist him in making a deposit on a new house he purchased in Kentucky, where he was required to move to occupy his new position with Luckett. The remaining counts seek recovery of state and local income taxes incurred by Luckett on income received during the time Cicco was employed, but which Cicco allegedly improperly ordered subordinates not to deduct from wages received.
We have long adhered to the rule that piecemeal appeals will not be permitted where claims are interrelated and involve the same transaction and the same parties remain in the suit. Morgan v. Am. Bankers Life Assurance Co., 605 So.2d 104, 105 (Fla. 3d DCA 1992); see also S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974). On the other hand, "when it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims, it should be appealable if dismissed with finality at trial level and not delayed because of the pendency of other claims between the parties." Mendez v. W. Flagler Family Ass'n, 303 So.2d 1, 5, (Fla. 1974). See also Birnholz v. Steisel, 394 So.2d 523, 523 n. 3 (Fla. 3d DCA 1981) (noting in ten-count complaint for recovery of attorney fees, each count was distinct and severable from the others and would support independent actions so that summary judgments as to less than all of the counts are presently appealable under Mendez). This case readily meets the latter standard.
Unlike Morgan, 605 So.2d at 105, in which we granted a motion to dismiss on the ground that the claims were "interrelated. . . insofar as [they] related to liability," there is no interdependence on this score between the claims made in the amended complaint in this case and those in the counterclaim. Any of the three central disputeswhether or not Cicco is entitled to the benefit of a five-year contract, whether Luckett is entitled reimbursement for taxes paid, or whether Luckett should recover for monies lentcan be resolved adversely to one or another *562 party without reference to or effect upon the resolution of the other. The only factual nexus between the disputes is that they all arose during the course of Cicco's employment. The legal issues also are unrelated. As the Florida Supreme Court remarked in Mendez, 303 So.2d at 5, when approving an appeal by a plaintiff from an adverse summary judgment on one but not all counts of her complaint, "[w]e do not see how any good purpose can be served by [a] delay" in the appeal of the dismissal of the amended complaint in this case.
Motion denied.