971 So.2d 860 (2007)
The DECOPLAGE CONDOMINIUM ASSOCIATION, INC., etc., Appellant,
v.
DECO PROPERTIES & INVESTMENTS, INC., etc., et al., Appellees.
No. 3D07-882.
District Court of Appeal of Florida, Third District.
November 7, 2007.
Genovese Joblove & Battista, and Richard Sarafan and Jorge L. Martinez, Miami, for appellant.
Seidman, Prewitt, DiBello & Lopez, and Darin A. DiBello, Boca Raton, and Thais Hernandez, for appellees.
Before GERSTEN, C.J., and GREEN and SHEPHERD, JJ.
PER CURIAM.
The Decoplage Condominium Association, Inc. ("Decoplage") appeals a final summary judgment for declaratory relief which construed a commercial lease in favor of Deco Properties & Investments, Inc. ("Deco Properties") and Sonia Vera. We reverse and remand.[1]
This case involves a dispute over the duration of a lease for a commercial unit at the Decoplage Condominium. Decoplage asserts the lease created a right of first refusal which would not violate the Declaration of Condominium's three-year restriction on commercial leases. Deco Properties contends the lease grants a unilateral option to extend the lease for an additional three years, but that it was not intended to violate the Declaration.
Although both parties claim that the lease is unambiguous, clearly each has a different interpretation of the rights the lease language creates. It is well settled that a contractual term which is susceptible to different interpretations is ambiguous. Friedman v. Va. Metal Prods. Corp., 56 So.2d 515 (Fla.1952); Gannon Constr. & Design Co. v. McKeon, 697 So.2d 224 (Fla. 3d DCA 1997).
Moreover, a trial court may interpret a contract as a matter of law only when it is totally unambiguous or when any ambiguity may be resolved by undisputed parol evidence of the parties' intent. Land O'Sun Realty Ltd. v. REWJB Gas Invs., 685 So.2d 870, 872 n. 3 (Fla. 3d DCA 1996).
*862 Here, the parties not only dispute the meaning of the lease language, they also disagree on their intent when entering into the lease. Therefore, genuine issues of material fact exist which must be resolved by the trier of fact and preclude summary judgment. See Birwelco-Montenay, Inc. v. Infilco Degremont, Inc., 827 So.2d 255 (Fla. 3d DCA 2001).
Accordingly, the final summary judgment entered below is reversed, and the case is remanded for further proceedings.
Reversed and remanded.
NOTES
[1] We sua sponte raised the issue of this Court's jurisdiction to review the trial court's judgment because a counterclaim remains pending below. Upon consideration of the parties' responses and a review of the record, we conclude that this Court has jurisdiction to consider this appeal. See Cicco v. Luckett Tobaccos, Inc., 934 So.2d 560 (Fla. 3d DCA 2006).