DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PAUL J. POLITO,** an individual,
Appellant,

v.

**KEYBANK NATIONAL ASSOCIATION,**
Appellee.

No. 4D17-1322

[December 6, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack B. Tuter, Judge; L.T. Case No. CACE-13-010294(5).

Robert W. Murphy, Fort Lauderdale, and Rebecca J. Covey of Rebecca J. Covey, LLC, Fort Lauderdale, for appellant.

Susan E. Trench, Alan G. Kipnis and Steven M. Appelbaum of Arnstein & Lehr LLP, Miami, for appellee.

GROSS, J.

We *sua sponte* dismiss this appeal of two counts of a counterclaim for lack of jurisdiction. The dismissed counts intertwine with pending pleaded claims and are compulsory counterclaims to the original action.

This litigation began when appellee KeyBank National Association sued appellant Paul Polito, seeking a deficiency judgment of $34,932, the debt remaining after Polito's default on a boat loan, followed by the repossession and sale of the boat. A two-count second amended complaint asserted claims for breach of contract and unjust enrichment, contending that Ohio law applied to actions arising under the loan agreement.

Polito answered and counterclaimed for damages, seeking class action relief for deceptive acts concerning the repossession and sale of consumers' boats. The counterclaim had five counts:

|          | *Claim*                                                                                                                                                                                                                                                                               | *Basis for Claim*                                                                                                              |
|----------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------------------------------------------------------------------------------------------------------------------|
| Count I  | Violation of § 9-610, UCC (§ 1309.610, Ohio Revised Code) KeyBank deprived Borrower and other class members of substantial rights granted to them under the UCC, including, but not limited to, the right to obtain a reasonable notification of disposition that properly discloses their rights upon repossession. | Unlawful repossession of the boat (breach of the peace)[1]                                                                     |
| Count II | Violation of § 9-611, UCC § 1309.611, Ohio Revised Code) KeyBank failed to provide reasonable notice of disposition of collateral.                                                                                                                                                        | Defective notice of sale (inadequate notice)                                                                                  |
| Count III | Violation of § 9-612, UCC § 1309.612, Ohio Revised Code) KeyBank failed to provide reasonable notice of disposition of collateral.                                                                                                                                                      | Defective notice of sale (timeliness of notice)                                                                               |
| Count IV | Equitable Relief (Common Law) KeyBank wrongfully collected and/or reported credit information to the CRAs with respect to the consumer reports of Borrower and other class members.                                                                                                        | Unlawful collection activities and credit reporting (reporting derogatory information to consumer reporting agencies)          |
| Count V  | Equitable Relief (UCC) KeyBank wrongfully collected and/or reported credit information to the CRAs with respect to the consumer reports of Borrower and other class members.                                                                                                               | Unlawful collection activities and credit reporting (reporting derogatory information to consumer reporting agencies)          |

KeyBank moved for summary judgment on counts II and III of the counterclaim, arguing that the notice of sale comported with Ohio law. The circuit court granted KeyBank's motion and entered a partial final judgment in favor of KeyBank on counts II and III of the counterclaim.

---

[1] Although not explicitly mentioned within this specific count, it appears that this count was based on the unlawful repossession of Polito's boat, which he contends was a breach of the peace.

The jurisdictional problem with this appeal is that the two dismissed counts are not now appealable. "An appeal from an order dismissing a count of a complaint, where other counts against the same parties remain, is authorized only when the dismissed count arises from a separate and distinct transaction independent of the other pending, pleaded claims." *Biasetti v. Palm Beach Blood Bank, Inc.*, 654 So. 2d 237, 238 (Fla. 4th DCA 1995); *see also* Fla. R. App. P. 9.110(k). "[P]iecemeal appeals should not be permitted where claims are legally interrelated and in substance involve the same transaction." *Mendez v. West Flagler Family Ass'n, Inc.*, 303 So. 2d 1, 5 (Fla. 1974). "Only when it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims should the appeal be permitted." *Biasetti*, 654 So. 2d at 238 (internal citations and quotations omitted).

> An analysis of "interdependence" requires the court to look primarily to the facts upon which the claims are based. If the claims arise out of the same incident, the order dismissing some, but not all, of the counts will not constitute a final appeal, even if the counts involve separate and severable legal theories.

*Id.*

Here, the dismissed counts are interdependent with the remaining causes of action in the counterclaim. Defective notices of sale form at least a partial basis for the relief sought in the other counts.

Also, insofar as Polito would be a class representative on the counterclaim, counts II and III of the counterclaim arose out of the seizure and sale of his boat, so they arose "out of the transaction or occurrence that formed the subject matter of the plaintiff's claim." *Londano v. Turkey Creek, Inc.*, 609 So. 2d 14, 19 (Fla. 1992). This means that the two counts were compulsory counterclaims. This court does not have jurisdiction because an order dismissing a compulsory counterclaim is "not appealable until a final disposition of the original cause has [been] obtained on the merits." *4040 Ibis Circle, LLC v. JP Morgan Chase Bank*, 193 So. 3d 957, 960 (Fla. 4th DCA 2016) (quoting *Johnson v. Allen, Knudsen, DeBoest, Edwards & Rhodes, P.A.*, 621 So. 2d 507, 509 (Fla. 2d DCA 1993)).

*Dismissed for lack of jurisdiction.*

MAY and KLINGENSMITH, JJ., concur.

\*        \*        \*

*Not final until disposition of timely filed motion for rehearing.*