# Third District Court of Appeal
## State of Florida

Opinion filed January 25, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-622
Lower Tribunal No. 08-109
_____

**George Gomez, Silvia Pohl, and Joy Gomez**,
Appellants,

vs.

**R.J. Reynolds Tobacco Co., and Philip Morris USA Inc., et al.**,
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Hicks, Porter, Ebenfeld & Stein, P.A., and Mark Hicks and Dinah S. Stein, for appellants.

King & Spalding LLP, and William L. Durham II (Atlanta, GA), for appellee R.J. Reynolds Tobacco Company; Arnold & Porter Kaye Scholer LLP, and Geoffrey J. Michael (Washington, DC); Shook, Hardy & Bacon L.L.P, and Frank Cruz-Alvarez and J. Daniel Gardner, for appellee Philip Morris USA Inc.; Easley Appellate Practice, PLLC, and Dorothy F. Easley, for appellee Reka Gomez, Individually as Survivor.


Before LOGUE, LINDSEY, and LOBREE, JJ.

LOGUE, J.

In the action below, the personal representative of the estate of the decedent filed a cause of action for wrongful death against various tobacco companies ("Tobacco Defendants"). On behalf of the estate, the personal representative sought damages for herself as the surviving spouse and, in the alternative, for the decedent's adult children. On the Tobacco Defendants' motion, the trial court dismissed the personal representative's claim for damages for the adult children. Although not parties, the adult children filed this appeal in their own capacity (not by way of the personal representative). Given the unique nature of Florida's statutory wrongful death statute, we dismiss the appeal as one from a non-final, non-appealable order because the personal representative's wrongful death action for liability and for alternative damages remains pending below.

## STATEMENT OF THE FACTS

This appeal arises from an Engle-progeny tobacco case involving the death of Ramon Gomez. Reka Gomez was the wife of the decedent at the time he died. She was appointed as the personal representative of the estate and she filed the complaint below. In the complaint at issue, Reka, as the personal representative, sought non-economic (pain and suffering) damages for herself as the surviving spouse and, in the alternative, for George Gomez,

2

Silvia Pohl, and Joy Gomez as the decedent's adult children from a prior marriage (collectively, the "Gomez children").

The Tobacco Defendants moved to dismiss the estate's claim for damages for the Gomez children on the basis that Reka was a surviving spouse. Under the wrongful death statute, the adult children can recover only if there is no surviving spouse. §768.21 (3), Fla. Stat. A finding that the estate can recover Reka's damages would therefore foreclose the estate from recovering the Gomez children's damages. The parties dispute whether Reka Gomez qualifies as the surviving spouse under the statute because she was not married to the decedent at the time the injury occurred.[1] Thus, although Reka Gomez is the personal representative, the interests of Reka Gomez in her individual capacity are adverse to the interests of the Gomez children.

---

[1] The outcome of this dispute turns on whether the common law "marriage before injury" rule was incorporated into the Wrongful Death Act and required the surviving spouse to be married to the decedent prior to the date of injury in order for the spouse to recover consortium damages under section 768.21(2), Florida Statutes. There is a conflict on this issue between the Fourth District, Kelly v. Georgia-Pacific, LLC, 211 So. 3d 340 (Fla. 4th DCA 2017), and the Fifth District, Domino's Pizza, LLC v. Wiederhold, 248 So. 3d 212 (Fla. 5th DCA 2018). The Fourth District has certified conflict between Kelly and Domino's Pizza and the Supreme Court accepted jurisdiction. Ripple v. CBS Corporation,  337 So. 3d 45 (Fla. 4th DCA  2022), granting rev.,  No. SC22-597, 2022 WL 3226332, at *1 (Fla. Aug. 9, 2022).

For this reason, although the Gomez children were never parties to the wrongful death suit, the trial court allowed the Gomez children to appear by counsel on the motion to dismiss the estate's claim for damages for the Gomez children. The Court ultimately granted the motion to dismiss. The Gomez children timely appealed and, alternatively, petitioned for certiorari.

ANALYSIS

The Appellee Tobacco Defendants moved to dismiss this appeal on the basis that the trial court's order dismissing the estate's claim for damages for the Gomez children is an interlocutory order because the estate's claim against the Tobacco Defendants for liability and for damages for Reka, the surviving spouse, remain pending below. The Gomez children respond that the order constitutes a partial final judgment under Florida Rule of Appellate Procedure 9.110(k).

Rule 9.110(k) defines a partial final judgment as one that either "disposes of an entire case as to any party" or "disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims." The Gomez children contend the trial court's order constitutes a partial final judgment disposing of an entire case as to a party, namely the Gomez children, because the order completely dismisses them from the case. The problem with this argument is that, while a decedent's survivors are certainly

4

the real parties in interest to a wrongful death suit, they are not entitled to join the wrongful death action as parties. § 768.20, Fla. Stat.

The statutory framework of the Wrongful Death Act unambiguously provides that a decedent's personal representative is the party that "shall" bring the action and "shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death." § 768.20, Fla. Stat. "By statute," the Supreme Court has observed, "the personal representative is the only party with the standing to bring a wrongful death action to recover damages for the benefit of the decedent's survivors and the estate. The survivors may not bring separate legal actions." Wagner, Vaughan, McLaughlin & Brennan, P.A. v. Kennedy Law Group, 64 So. 3d 1187, 1191 (Fla. 2011) (citations omitted). See also Cont'l Nat. Bank v. Brill, 636 So. 2d 782, 784 (Fla. 3d DCA 1994) ("Under the Wrongful Death Act, the personal representative is the party who seeks recovery of all damages caused by the injury resulting in death for the benefit of the decedent's survivors and for the estate. The personal representative must bring a single action to recover damages for all beneficiaries.") (citations omitted).

Under this statutory framework, for example, a surviving spouse of a decedent could not have costs taxed against her personally because she

was not properly a party to a wrongful death action. See Puig v. Saga Corp., 543 So. 2d 238, 239 (Fla. 3d DCA 1989). See also Benjamin v. Tandem Healthcare, Inc., 93 So. 3d 1076, 1083-84 (Fla. 4th DCA 2012) (holding that, for purposes of application of the sequestration rule, the only party in a wrongful death action was the personal representative of the estate and trial court did not abuse its discretion in excluding other surviving children of the decedent because they were not parties to the action); Kadlecik v. Haim, 79 So. 3d 892, 893 (Fla. 5th DCA 2012) (holding that attorneys' fees awarded against an estate cannot be recovered from funds collected for the benefit of a survivor because "survivors are not parties to the wrongful death litigation, even when the claims are brought for their benefit").

As the Florida Supreme Court explained, the Wrongful Death Act created an independent cause of action which "is a purely statutory right." Toombs v. Alamo Rent-A-Car, Inc., 833 So. 2d 109, 111 (Fla. 2002). We are not free to alter or supplement the statutory scheme dictating who shall bring a cause of action for wrongful death and thereby be considered a "party." Rather, "our job is to faithfully apply the law as written." Coates v. R.J. Reynolds Tobacco Co., No. SC21-175, 2023 WL 106899, at *5 (Fla. Jan. 5, 2023) (citing and quoting State v. Rife, 789 So. 2d 288, 292 (Fla. 2001) ("[I]t is not this Court's function to substitute its judgment for that of the Legislature

6

as to the wisdom or policy of a particular statute.")). Cf. R.R. v. New Life Community Church of CMA, Inc., 303 So. 3d 916, 921-23 (Fla. 2020) (holding that the statutory framework in chapter 95 left "no room for supplemental common law accrual rules" and, "given the comprehensive statutory framework governing accrual, to supply omissions transcends the judicial function," explaining that "[w]hen a statute purports to provide a comprehensive treatment of the issue it addresses, judicial lawmaking is implicitly excluded" (internal quotations and citations omitted)). To do so would "defeat the legislative purpose in the adoption of section 768.20." Morgan v. Am. Bankers Life Assur. Co. of Fla., 605 So. 2d 104, 105 (Fla. 3d DCA 1992).

Here, the only named plaintiff in the underlying action is Reka Gomez as the personal representative of the Estate of Ramon Gomez. The Gomez children are not themselves parties to the underlying wrongful death action, even if claims are brought for their benefit. The trial court's order dismissing the estate's claims for the Gomez children's damages, therefore, does not constitute a partial final judgment disposing of an entire case as to any party because the cause of action of the only party – the personal representative on behalf of the estate – remains pending below.

7

The order on appeal reflects the dismissal of some, but not all, of the personal representative's claims on behalf of individual survivors. In this sense, this matter is substantially similar to our decision in Morgan, 605 So. 2d 104. In Morgan, a personal representative appealed a trial court's order striking the estate's claim for the damages of the father as an individual survivor because the decedent was survived by a wife. Id. We dismissed the appeal because "a survivor's claim is not any different from the dismissal of any other claim brought by a party and [ ] unless it constitutes a separate and severable controversy, it will not support a plenary appeal." Id. at 104-05. There, it was clear that the estate's claim for damages for the father was dependent upon and interrelated with the estate's claim for damages for the other survivors pending in the trial court insofar as it related to liability. The dismissal of the estate's claim for the father's damages was a dismissal of only a part of the estate's entire claim for damages. Id. at 105. We concluded that the order dismissing the father's claim as a survivor remained interlocutory in character and was reviewable only after entry of a final judgment in the pending wrongful death action. Id.

As in Morgan, the estate's claims for the Gomez children's damages remain dependent upon and interrelated with the estate's claim for the surviving spouse that is still pending in the trial court insofar as they relate to

8

liability. The Gomez children's claims are only separate from (and in opposition to) the surviving spouse's claims as they relate to each survivor's own particular damages. As such, the trial court's order dismissing the Gomez children's non-economic compensatory damage claims remains an interlocutory order.[2]

---

[2] We decline to interpret the order under review as a final judgment against the nonparty Gomez children. If we did, we would reverse because "[e]ntering a judgment against a nonparty is fundamental error." Corredor v. Nichols, 342 So. 3d 793, 794 (Fla. 3d DCA 2022) (quoting Norville v. BellSouth Advert. & Publ'g Corp., 664 So. 2d 16, 16 (Fla. 3d DCA 1995).

In so interpreting the order, we are cognizant of the language on the face of the appealed order stating that "judgment is hereby entered dismissing Ramon Gomez's Adult Children from the case." However, though language in an order can be helpful in determining finality, it is not controlling. The test for finality is "whether the order in question constitutes the end of the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected." S.L.T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974). See also Belle Isle Associates, Inc. v. Nine Island Ave. Condo. Ass'n, Inc., 990 So. 2d 1176, 1177 (Fla. 3d DCA 2008) (holding that an order captioned "final judgment" was not final because there was a pending counterclaim intertwined with the main action); Camargo v. Prime W., Inc., 225 So. 3d 912, 913 (Fla. 3d DCA 2017) (holding that an administrative stamp with language of finality did not convert a non-final order into a final order because there were pending claims); Augustin v. Blount, Inc., 573 So. 2d 104, 105 (Fla. 1st DCA 1991) (holding that an order captioned "Final Order of Dismissal" was not a final order because the dismissal did not end all judicial labor as it was without prejudice to amend).

We think this line of authority is particularly appropriate to apply here. The record contains no scintilla of any indication regarding how or why that language found its way into the middle of the order under review. The Gomez children were not named as parties in the complaint at issue; no motion to

9

In so ruling, we are not overlooking the potential or actual conflict between the interests of the personal representative and the Gomez children. If, while the case is pending below, the law in this district is clarified in a manner that supports the estate's claim for the Gomez Children's damages (perhaps by the Supreme Court resolving the pending conflict between the districts, see note 1, supra), the personal representative may move the trial court to rehear the challenged order. On the other hand, once a final judgment is entered, the personal representative may appeal the trial court's dismissal of the estate's claim for the Gomez children's damages, which is the normal posture for review.[3] At that time, if a conflict still exists

---

add the Gomez children as parties was ever made in writing or verbally; the motion to dismiss that led to the order under review asked only to dismiss the plaintiff personal representative's claims on behalf of the Gomez children – not the Gomez children as parties; at the hearing on the motion, there was no verbal request for judgment against the Gomez children as parties; the trial court's tentative verbal ruling did not dismiss the Gomez children as parties; and when requesting proposed orders from the parties on the pending motion, the trial court did not address adding or dismissing the Gomez children as parties. There are times when substance, not form, should control legal outcomes.

[3] See, e.g., Ripple v. CBS Corp., 337 So. 3d at 47; Philip Morris USA, Inc. v. Rintoul, 342 So. 3d 656, 659 (Fla. 4th DCA 2022); Kelly v. Georgia-Pacific, LLC, 211 So. 3d 340 (Fla. 4th DCA 2017); Domino's Pizza, LLC v. Wiederhold, 248 So. 3d 212 (Fla. 5th DCA 2018).

regarding the personal representative filing such an appeal, an administrator ad litem might be appointed for that limited purpose.[4] Similarly, because there has been no showing that the challenged interlocutory order results in irreparable harm that cannot be remedied on appeal, we decline to accept certiorari jurisdiction because the trial court's order may be reviewed after entry of a final judgment.

Appeal dismissed and petition dismissed.

LINDSEY, J., concurs.

---

[4] An administrator ad litem can be appointed to represent the estate whenever a personal representative "is or may be interested adversely to the estate" or "the necessity arises otherwise." Florida Probate Rule 5.120(a). An administrator ad litem has been appointed to perform discrete functions in a wrongful death action where the personal representative is also a survivor with interests potentially adverse to other survivors. See, e.g., Cont'l Nat. Bank v. Brill, 636 So. 2d at 784 ("Where, as in this case, the personal representative is also a survivor of the decedent and therefore has a personal stake in the allocation of proceeds between the survivors and the estate, we conclude that the personal representative may have an interest adverse to the estate. Therefore, the trial court may appoint an individual without self-interest as administrator ad litem.").

LOBREE, J. (dissenting in part).

The majority dismisses the Gomez Children's appeal, relying primarily upon our decision in Morgan v. American Bankers Life Assurance Company of Florida, 605 So. 2d 104 (Fla. 3d DCA 1992), where the personal representatives appealed an order entered by the trial court striking the father's claim as an individual survivor. We dismissed the appeal on the basis that an order dismissing a survivor's claim that was dependent upon and interrelated with the estate's claim for damages for other survivors was interlocutory in character and "reviewable only upon entry of final judgment in the presently pending wrongful death action." Id. at 105.

Here, the Gomez Children appeal from an order granting the Tobacco Defendants' motion to dismiss the personal representative's claim for non-economic damages as to them, which further expressly provides that "*judgment is hereby entered* dismissing Ramon Gomez's Adult Children from the case." (Emphasis added). In the absence of this unequivocal language of finality, I would agree with the majority that pursuant to Morgan, an order dismissing the personal representative's claim as to the Gomez Children would be interlocutory and reviewable only upon entry of a final judgment in the pending wrongful death action. Id. However, as judgment has been

entered dismissing the non-party Gomez Children from the case with no leave to amend, this is a final order that fully resolved the issue affecting them and totally disposes of the entire case as to them.[5]

While the Gomez Children are non-parties to the proceedings below under section 768.20, the trial court permitted them to appear, without objection, and argue in opposition to the Tobacco Defendants' motion. See Wagner, Vaughan, McLaughlin & Brennan, P.A. v. Kennedy L. Grp., 64 So. 3d 1187, 1191 (Fla. 2011) ("The survivors may not bring separate legal actions and are required to participate in the single legal action filed by the estate. However, the survivors are still entitled to be represented by counsel of their choice." (citation omitted)); see also Wiggins v. Est. of Wright, 850 So. 2d 444, 448–49 (Fla. 2003) (noting survivors may be represented by separate counsel where they lack commonality of interest).[6]

---

[5] The Gomez Children are clearly adversely affected by the order on appeal, as the personal representative's lead counsel recognized that he has a direct conflict of interest because his client's individual interests are averse to those of the Gomez Children.

[6] In this regard, courts have recognized that the personal representative in her/his representative capacity is a nominal party to the wrongful death action, and the estate and the statutory survivors are the real parties in interest. See DeVaughn v. DeVaughn, 840 So. 2d 1128, 1132 (Fla. 5th DCA 2003); Florida Emergency Physicians-Kang & Assoc., M.D., P.A. v. Parker, 800 So. 2d 631, 633 (Fla. 5th DCA 2001); Morgan, 605 So. 2d at 104.

Though the statutory scheme for wrongful death actions provides that survivors are not permitted to litigate wrongful death claims individually, here the trial court entered judgment against the non-party Gomez Children and precluded any potential for their further involvement as real parties in interest in the action below.  As correctly observed in note 2 of the majority opinion, "[e]ntering a judgment against a nonparty is fundamental error." Corredor v. Nichols, 342 So. 3d 793, 794 (Fla. 3d DCA 2022) (quoting Norville v. BellSouth Advert. & Publ'g Corp., 664 So. 2d 16, 16 (Fla. 3d DCA 1995)); see also King v. Brown, 55 So. 2d 187, 188 (Fla. 1951) ("It is the rule that before a person may bring an appeal he must be a party *or privy to the record* and must show that he is, or will be, *injuriously affected* by the order sought to be reviewed." (emphasis added)).  Thus, I would vacate the judgment entered against the non-party Gomez Children, and remand for entry of an order solely on the Tobacco Defendants' motion to dismiss the personal representative's claim as to them.  Accordingly, I respectfully dissent.