# Third District Court of Appeal

## State of Florida

Opinion filed July 26, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-555
Lower Tribunal No. 98-25644
_____

**Lorenzo Camargo, et al.,**
Appellants,

vs.

**Prime West, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Patterson & Sweeny, PL, and John H. Patterson, Jr., for appellants.

Perez & Rodriguez, P.A., and Javier J. Rodriguez, Johanna Castellon-Vega and Freddy X. Muñoz, for appellee Prime West, Inc.

Before LOGUE, SCALES, and LUCK, JJ.

LOGUE, J.

Lorenzo and Ana Camargo appeal the trial court's orders granting summary judgment in favor of Prime West, Inc., and denying the Camargos' motion for rehearing or clarification. Because claims remain unresolved in the trial court below, we dismiss for lack of jurisdiction.

In November 1998, the Camargos, owners of real property in Miami-Dade County, filed an action against adjoining landowner Prime West. The Camargos sought declaratory relief and an implied grant of way of necessity as to the real property owned by Prime West. Following a nonjury trial, the trial court entered a final judgment granting the Camargos declaratory relief by ordering Prime West to remove a fence that physically landlocked the Camargos' property. The trial court denied the Camargos' claim for an implied grant of way of necessity. This court affirmed the final judgment. Prime West, Inc. v. Camargo, 906 So. 2d 1112 (Fla. 3d DCA 2005).

In March 2006, the Camargos filed an amended motion for supplemental relief seeking money damages for the time periods both before and after the final judgment was entered based on Prime West's failure to remove the fence. In August 2015, Prime West moved for summary judgment with respect to any prejudgment damages.

2

The trial court entered summary judgment expressly denying the prejudgment damages. Despite no ruling as to the post-judgment damages sought by the Camargos, an administrative stamp on the order stated the following:

> THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.

The Camargos filed a motion for rehearing or clarification. The motion was denied without a hearing, and the order was stamped with the statement, "CLERK TO RECLOSE CASE IF POST JUDGMENT." This appeal followed.

We dismiss the Camargos' appeal for lack of jurisdiction because the partial summary judgment granted in favor of Prime West is a nonfinal, nonappealable order. Prime West's motion for summary judgment concerned only the prejudgment damages sought by the Camargos in their amended motion for supplemental relief, and the trial court's order ruled solely on that issue. Notwithstanding the language of the order's administrative stamp, there remains a pending claim for post-judgment damages. See, e.g., Northcutt v. Pathway Fin., 555 So. 2d 368, 369-70 (Fla. 3d DCA 1989) (dismissing appeal because partial summary judgment is a nonfinal, nonappealable order); Raymond James & Assocs. v. Godshall, 851 So. 2d 879, 880-81 (Fla. 1st DCA 2003) (dismissing appeal as premature because related claims were pending, even though the order contained traditional language of finality); Behavioral Healthcare Options, Inc. v.

3

Charter Behavioral Health Sys. of Tampa Bay, Inc., 727 So. 2d 1135, 1136 (Fla. 2d DCA 1999) (dismissing appeal and concluding an order of dismissal was nonfinal, nonappealable order because the dismissed claims were interrelated with two remaining claims). The administrative stamp language alone is not enough to convert the order to a final, appealable order.

Dismissed.