# Third District Court of Appeal
## State of Florida

Opinion filed September 24, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-0987
Lower Tribunal No. 21-12683-CA-01

————————————

**Jane LaSalle,**
Appellant,

vs.

**Prestige Motor Car Imports, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Becker & Poliakoff, P.A., and Jon Polenberg and Kaitlyn N. Silverberg and Gabrielle Sliwka (Ft. Lauderdale), for appellant.

Kula & Associates, P.A., and Elliot B. Kula and Elaine D. Walter; Kluger, Kaplan, Silverman, Katzen & Levine, P.L., and Abbey L. Kaplan, Michael T. Landen, and Jean-Pierre Bado, for appellees.

Before SCALES, C.J., and LOGUE and LOBREE, JJ.

LOGUE, J.

Jane LaSalle appeals various orders entering partial summary judgments against her and in favor of her former employer, Prestige Motor Car Imports, LLC, and Brett David, Gilbert Martin, and Nicholas Gamarra, three individuals who supervised her at Prestige. The partial summary judgments rejected LaSalle's claims for defamation against the individual managers. They also rejected LaSalle's claims against Prestige for defamation, for negligent supervision based on allegedly allowing the defamation, and for wrongful termination in violation of Florida's Whistleblower's Act, section 448.102(3), Florida Statutes.[1] The judgments, however, left pending LaSalle's additional claims, including her claim that she suffered further retaliation in violation of the Act based on Prestige filing counterclaims against her in the underlying action. We affirm the judgments on the defamation claims but dismiss for lack of jurisdiction the remainder of LaSalle's appeal because it is intertwined with her pending claim below for violation of Florida's Whistleblower's Act based on Prestige's filing of the

---

[1] Section 448.102(3) provides: "An employer may not take any retaliatory personnel action against an employee because the employee has: . . . (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

Further, "'[r]etaliatory personnel action' means the discharge, suspension, or demotion by an employer of an employee or any other adverse employment action taken by an employer against an employee in the terms and conditions of employment." § 448.101(5), Fla. Stat.

counterclaims.

## Background

LaSalle served as the finance director for Prestige, a luxury car dealership. Her responsibilities included the processing of loans, and she was compensated in part by commissions. LaSalle was supervised by appellees Brett David, Prestige's owner and chief executive officer, Gilbert Martin, Prestige's general manager, and Nicholas Gamarra, Prestige's general sales manager.

According to the allegations in the operative complaint, LaSalle informed David, Martin, and Gamarra that customers were fraudulently using loan proceeds received from the Small Business Administration's Paycheck Protection Program to purchase vehicles and to obtain financing for the vehicles.[2] Within three months, David terminated LaSalle, informing her that the "family had decided to move in a different direction." LaSalle alleged in her complaint that she was terminated for disclosing, and refusing to participate in, fraud in the customer loan applications.

---

[2] The Paycheck Protection Program was enacted under the Coronavirus Aid, Relief, and Economic Stimulus Act ("CARES Act"), which enabled the Small Business Administration to loan small businesses money to keep employees on the payroll and continue operations during the COVID-19 pandemic. 15 U.S.C. § 636(a)(36).

Following her termination, she became convinced that David, Martin, and Gamarra spread defamatory statements about her, including that she was terminated for accepting kickbacks and bribes from lending institutions that provided financial services to Prestige.

LaSalle sued Prestige for defamation, negligent supervision of David, Martin, and Gamarra, which allowed them to defame her, wrongful discharge under Florida's Whistleblower's Act, and for commissions owed. She also sued David, Martin, and Gamarra for defamation. Prestige answered and filed counterclaims relating to LaSalle's wrongful retention of commissions and wrongful disclosure of privileged information. LaSalle then amended her complaint to assert an additional count against Prestige, alleging that Prestige's filing of the counterclaims was retaliation in violation of Florida's Whistleblower's Act. After discovery was taken, Prestige and the individual managers moved for summary judgment.

The trial court entered partial summary judgment for Prestige and the individual managers on LaSalle's defamation claims and for Prestige on LaSalle's claim for negligent supervision relating to defamation. The trial court also entered summary judgment for Prestige on LaSalle's claim for wrongful discharge under Florida's Whistleblower's Act. Thereafter, the following claims were left pending in the lower court: (1) LaSalle's claim

against Prestige for commissions owed, (2) LaSalle's claim against Prestige for retaliation under Florida's Whistleblower's Act based on Prestige filing the counterclaims; and (3) Prestige's counterclaims against LaSalle. LaSalle appealed the partial summary judgments.

## Analysis

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). "[T]he correct test for the existence of a genuine factual dispute is whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" In re Amends. to Fla. Rule of Civ. Proc. 1.510, 317 So. 3d 72, 75 (Fla. 2021) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The required evidence contemplated by the summary judgment rule are facts presented "in a form that would be admissible in evidence." Fla. R. Civ. P. 1.510(c)(2). Further, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fla. R. Civ. P. 1.510(c)(4). When presented by the nonmovant, the purpose of this requirement is to ensure that the nonmovant's evidence is "of sufficient weight and quality that 'reasonable

5

jurors could find by a preponderance of the evidence that [the nonmovant] is entitled to a verdict.'" Rich v. Narog, 366 So. 3d 1111, 1118 (Fla. 3d DCA 2022) (quoting Anderson, 477 U.S. at 252).

A viable defamation claim requires the plaintiff to prove: (1) the defendant's publication; (2) falsity of the information; (3) the actor acted with knowledge or reckless disregard as to the falsity on a matter concerning a public official or acted negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory. See Greene v. Times Publ'g Co., 130 So. 3d 724, 729 (Fla. 3d DCA 2014).

In support of their motion for summary judgment, Prestige and the individual managers filed the testimony of David, Martin, and Gamarra in which they denied making the defamatory statements. They also noted that LaSalle and the various witnesses identified by her actually had no personal knowledge of anyone at Prestige making the alleged defamatory statements and that LaSalle could not identify any lending institutions that were told the alleged defamatory statements. Because the record evidence relied on by Prestige and the individual managers met their initial burden as movants for summary judgment, it became incumbent upon LaSalle "to identify probative record evidence that, if believed by a factfinder, would entitle [her] to a verdict." Septentriona Domus, LLC v. Keystone Morgan Real Est., 406 So.

6

3d 1017, 1019 (Fla. 3d DCA 2025) (alteration added).

In opposition to the motions for summary judgment, LaSalle relied upon the depositions and declarations of herself, Yessica Torres (a former employee of Prestige), and Gunars Mansons (LaSalle's husband). All of them testified that they heard rumors or stories that LaSalle had been fired for stealing money or taking kickbacks. None of them, however, were able to testify to personal knowledge of hearing anyone actually stating those rumors or mentioning them to anyone in or outside Prestige. At best, they testified that they heard a second person claim that a third person had made such a statement. For example, LaSalle testified that a person named Junior Ravello told her that others repeated the defamation.[3]

LaSalle maintained that this testimony was not hearsay because she was not offering it for the proof that she took kickbacks and bribes. The trial court rejected this argument. We agree with the trial court. For example, LaSalle's testimony about what Ravello heard was presented to prove the

---

[3] When deposed, Ravello denied he made these statements to LaSalle. Issues of credibility, however, are not cognizable in a motion for summary judgment. Ortega v. JW Marriott Inv., LLC, 405 So. 3d 473, 477–78 (Fla. 3d DCA 2025) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." (quoting Anderson, 477 U.S. at 255)). As explained below, the problem here is not LaSalle's credibility, but the fact that her testimony is hearsay.

truth that Ravello heard someone repeat the defamatory statements. But, although LaSalle is the person testifying, she has no personal knowledge of what Ravello heard. It is Ravello who is being quoted as discussing what he heard, but Ravello is not testifying so this evidence is not "in a form that would be admissible in evidence." Fla. R. Civ. P. 1.510(c)(2). This problem occurs with all of LaSalle's witnesses.

On this point, however, LaSalle next argues that, even without other evidence, the existence of the rumor itself is a basis to infer that the rumor was started and spread by the individual managers. In support, LaSalle cites to Hoch v. Rissman, Weisberg, Barrett, 742 So. 2d 451, 457 (Fla. 5th DCA 1999). In Hoch, a worker's compensation judge who was not reappointed to his position sued a law firm for defamation. The law firm sponsored a series of seminars about worker's compensation judges titled, "Sleeping with the Enemy." The seminars purported to provide information on outside matters that influenced the judges, including salacious materials. Many lawyers who attended a seminar on the judge at issue reported statements that this judge could be influenced by certain improper considerations, and written reports of the lawyers' notes to that effect were circulated. No one, however, could identify an individual at the firm who made the comments and the presenters denied making the comments. The Court nevertheless held a sufficient

inference could be made from those facts to overcome the firm's motion for summary judgment.

We distinguish <u>Hoch</u> on two bases. First, <u>Hoch</u> contained more facts supporting the inference than the simple fact that a rumor was circulating. Second, and most importantly, <u>Hoch</u> was decided under "Florida's old, subjective summary judgment standard, which disfavored summary judgments in a lopsided manner[.]" <u>Shands v. City of Marathon</u>, 411 So. 3d 452, 473 (Fla. 3d DCA 2025) (Logue, J., dissenting) (footnote omitted).[4]

We hold that LaSalle's assertion that the existence of a rumor supports an inference that the managers created and published the rumor relies too much upon "speculation, surmise and conjecture" to survive a summary judgment motion even under the old rule. See <u>Gonzalez v. Citizens Prop. Ins. Corp.</u>, 273 So. 3d 1031, 1037 (Fla. 3d DCA 2019). Because LaSalle's defamation claims did not survive summary judgment, LaSalle's

---

[4] Florida's old summary judgment standard required that summary judgment be denied "[i]f the record reflects the existence of any genuine issue of material fact or the <u>possibility of any issue</u>, or if the record raises <u>even the slightest doubt</u> that an issue might exist[.]" <u>Raven v. Roosevelt REO US LLC</u>, 278 So. 3d 245, 247 (Fla. 3d DCA 2019) (quoting <u>Johnson v. Deutsche Bank Nat'l Tr. Co. Ams.</u>, 248 So. 3d 1205, 1208 (Fla. 2d DCA 2018)) (emphases added). The Florida Supreme Court has since adopted a more modern and objective summary judgment standard. <u>In re Amends. to Fla. Rule of Civ. Proc. 1.510</u>, 317 So. 3d 72 (Fla. 2021).

claims that Prestige negligently supervised its employees by failing to prevent them from defaming her must also fall.

Finally, we address LaSalle's appeal of the order granting summary judgment on her claim of wrongful discharge under Florida's Whistleblower's Act. Still pending below is LaSalle's claim for retaliation in violation of the Act based on Prestige filing counterclaims against LaSalle in the underlying action. Because of the risk of inconsistent results, we hold that LaSalle's claim for wrongful discharge under the Act is "interdependent with other pleaded claims" that remain pending below, namely LaSalle's claim for other retaliation under the Act. We therefore hold that the order granting summary judgment on the wrongful discharge claim in violation of Florida's Whistleblower's Act is a nonfinal, nonappealable order. See Fla. R. App. P. 9.110; see also Camargo v. Prime W., Inc., 225 So. 3d 912, 913 (Fla. 3d DCA 2017) (dismissing appeal for lack of jurisdiction, concluding a partial summary judgment was a nonfinal, nonappealable order because the dismissed claims were interrelated with remaining claims).

## Conclusion

In sum, we affirm the summary judgments relating to LaSalle's claims for defamation against Prestige and the individual managers. As the trial court properly entered summary judgment as to the defamation claims, it

also properly granted summary judgment in favor of Prestige as to LaSalle's claim of negligent supervision for allegedly allowing defamation. We dismiss for lack of jurisdiction the portion of LaSalle's appeal relating to the summary judgment entered in favor of Prestige on LaSalle's claim of wrongful discharge under the Florida's Whistleblower's Act because interrelated claims remain pending, and therefore, that portion of the order on appeal is a nonfinal, nonappealable order.

Affirmed, in part; reversed, in part.